PATRICIA A.F., Respondent
Below, Appellant,

v.

JAMES R.F., Petitioner Below, Appellee.

Supreme Court of Delaware.

Submitted: May 10, 1982.

Decided: Sept. 14, 1982.

James E. Higgins, Wilmington, for respondent below, appellant.

Melvyn A. Woloshin, of Woloshin & Tenenbaum, P.A., Wilmington, for petitioner below, appellee.

Before HERRMANN, C.J., QUILLEN, HORSEY, and MOORE, JJ., and STIFTEL, Superior Court President Judge, sitting as Court en Banc.*

HERRMANN, Chief Justice:

This appeal requires the review of a Family Court order terminating the parental rights of the natural mother over the daughter, a minor child. The Trial Court found "that the petitioner has proved that the mother is unable to plan adequately for the child's physical needs or her mental or emotional health and development [13 Del.C. § 1103(5)][1] and that, therefore, it

---

* Judge Stiftel is appointed to sit in this case under Rules 2 and 4, which provide in pertinent part:

"Rule 2.

"(a) Quorum. A quorum of the Court en Banc shall be 5 and a quorum of the Court sitting as a panel shall be 3. Active State Judges may be assigned to complete a quorum as provided in Article IV, § 12 of the Constitution. The term 'State Judge' shall mean a judge of a constitutional court (i.e., the Court of Chancery or the Superior Court) as that term is defined in Article IV, § 38."

"(b) Seniority. Seniority of the Justices of the Court shall be determined under the provisions of Article IV, § 2 of the Constitution. A State Judge to be assigned shall be the most senior in rank available in that court. The term 'senior in rank' shall mean the Chancellor or the President Judge, as the case may be, or, if such judge shall be unavailable or disqualified, then the term shall refer to the ranking judge of such court in terms of judicial service on such court."

"Rule 4.

"(a) Composition of Court. The Court en Banc consists of all qualified and available members of the Court. * * * If fewer than all the Justices are qualified and available to constitute a quorum, there shall be an assignment, pursuant to Article IV, § 12 of the Constitution and Rule 2(a), of active State Judges sufficient to constitute a quorum."

1. 13 Del.C. § 1103(5) provides in relevant part:
"§ 1103. Grounds for termination of parental rights.

"The procedure for termination of parental rights for the purpose of adoption or, if a suitable adoption plan cannot be effected, for the purpose of providing for the care of the child by some other plan which may or may not contemplate the continued possibility of eventual adoption, may be initiated whenever it appears that:

\* \* \*

"(5) The parent or parents of any child, or any person holding parental rights over such

would be in the child's best interests to terminate the mother's parental rights (13 *Del.C.* § 1108)."[2]

While the Trial Court did not specify, the then existing standard of proof in a termination of parental rights proceeding was "preponderance of the evidence." Family Court Rule 220(d);[3] *Matter of Five Minor Children,* Del.Supr., 407 A.2d 198 (1979). We presume that, in the absence of contrary indication, that standard was applied here.

Recently, and since the Trial Court's decision, the U.S. Supreme Court, notwithstanding a strong four-Justice dissent, has ruled that a "clear and convincing" standard of proof must be met when termination of parental rights is sought. A lesser standard, the Court held, would violate the parent's right to due process. *Santosky v. Kramer,* — U.S. —, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

The Court in *Santosky* stated:

"When the State initiates a parental rights termination proceeding, it seeks not merely to infringe that fundamental liberty interest, but to end it. 'If the State prevails, it will have worked a unique kind of deprivation.... A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is, therefore, a commanding one.'" 102 S.Ct. at 1397.

Recognizing the difficult task of the factfinder in such cases, the Court continued:

"At such a proceeding, numerous factors combine to magnify the risk of erroneous factfinding. Permanent neglect proceedings employ imprecise substantive standards that leave determinations unusually open to the subjective values of the judge. See *Smith v. Organization of Foster Families,* 431 U.S. 816, 835, n. 36, 97 S.Ct. 2094, 2105, n. 36, 53 L.Ed.2d 14. In appraising the nature and quality of a complex series of encounters among the agency, the parents, and the child, the court possesses unusual discretion to underweigh probative facts that might favor the parent. Because parents subject to termination proceedings are often poor, uneducated, or members of minority groups, *id.* at 833–835, 97 S.Ct. at 2103–2105, such proceedings are often vulnerable to judgments based on cultural or class bias." 102 S.Ct. at 1399.

The Court concluded:

"The logical conclusion of this balancing process is that the 'fair preponderance of the evidence' standard * * * violates the Due Process Clause of the Fourteenth Amendment. The Court noted in *Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323: 'The individual should not be asked to share equally with society the risk of error when the

child, are not able, or have failed, to plan adequately for the child's physical needs or his mental and emotional health and development and:

* * *

"b. In the case of a child in the home of the stepparent or blood relative:
"1. The child has resided in the home of the stepparent or blood relative for a period of at least 1 year; and
"2. The Court finds the noncustodial parent or parents incapable of exercising parental responsibilities, and that there appears to be little likelihood such parent or parents will be able to exercise such parental responsibilities in the foreseeable future.
* * *."

**2.** 13 *Del.C.* § 1108 provides in pertinent part:
"§ 1108. Order of termination and transfer of parental rights.

"(a) Should the Court find the termination of existing parental rights and their transfer to be in the best interest of the child, it shall make an order terminating such rights in the parent or parents, person or persons or organization in which they have existed and transferring them to some other person or persons or authorized agency or the State Department of Health and Social Services as may, in the opinion of the Court, be best qualified to receive them.
* * *."

**3.** Family Court Rule 220(d) provides:
"Rule 220. Civil Actions; Order of Proceedings.
"(d) Burden of Proof Standard. The material averments of fact as set forth in the petition or any affirmative defense shall be established by a preponderance of the evidence."

possible injury to the individual is significantly greater than any possible harm to the state.' 441 U.S., at 427, 99 S.Ct., at 1810. Thus, at a parental rights termination proceeding, a near-equal allocation of risk between the parents and the State is constitutionally intolerable.

\* \* \* \* \* \*

"A majority of the States have concluded that a 'clear and convincing evidence' standard of proof strikes a fair balance between the rights of the natural parents and the State's legitimate concerns. \* \* \* We hold that such a standard adequately conveys to the factfinder the level of subjective certainty about his factual conclusions necessary to satisfy due process. We further hold that determination of the precise burden equal to or greater than that standard is a matter of state law properly left to state legislatures and state courts." 102 S.Ct. at 1402–03.

Following the mandate of *Santosky,* we hold that the standard of a "clear and convincing" burden of proof must be applied to State-initiated termination of parental rights cases. To the extent that it is inconsistent, *Matter of Five Minor Children, supra,* is hereby overruled and Family Court Rule 220(d) invalidated. We find no justification for a different standard when the case is initiated by a litigant other than the State. In our judgment, the burden of proof should be uniform in all termination cases. We so hold.

Accordingly, this case must be reversed and remanded to the Family Court for further hearing as to the best interest of the child, consistent with the standard adopted herein.

\* \* \*

Reversed and remanded.