Betty Jo and Roy SHIPMAN,*
Petitioners-Below, Appellants,

v.

DIVISION OF SOCIAL SERVICES and
Children's Bureau of Delaware, Inc.,
Respondents-Below, Appellees.

In the Matter of Sheila Margaret
SHIPMAN,* a minor child.

Family Court of Delaware,
New Castle County.

Oct. 25, 1982.

Frederick S. Kessler, Roeberg & Frabizzio, Wilmington, for petitioners-below, appellants.

Carol S. Widing, Dept. of Justice, Wilmington, for respondent-below, appellee, Div. of Social Services.

L. Susan Faw, Richards, Layton & Finger, Wilmington, for respondent-below, appellee, Children's Bureau of Delaware, Inc.

Supplemental Opinion on Remand
GALLAGHER, Judge:

On October 14, the Supreme Court of the State of Delaware entered a mandate by virtue of which the above case was remanded to this court for reconsideration in light of the decision of the Supreme Court of the United States in *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), and the decision of the Supreme Court of Delaware in *Patricia A.F.V. v. James R.F.,* Del.Supr., 451 A.2d 830, 1982, with further briefing on the appeal being stayed pending this court's decision with jurisdiction reserved.[1]

The preamble to the order recites in part:

---

* A pseudonym adopted to protect the privacy of the parties.

1. Similar to the approach of the Delaware Supreme Court, is the approach taken in Pennsylvania. The Pennsylvania Superior Court in

view of *Santosky v. Kramer, supra,* and a Pennsylvania Supreme Court holding in *In re Adoption of David C.,* Pa.Supr., 479 Pa. 1, 387 A.2d 804 (1978), holding that the quantum of proof required for termination of parental rights is preponderance of the evidence, re-

... (T)his appeal is directly affected by the United States Supreme Court's recent decision in *Santosky v. Kramer,* 455 U.S. 745, 102 S.Ct. 1388 [71 L.Ed.2d 599] (1982) in which the Court declares unconstitutional the application of the preponderance of the evidence standard in termination of parental rights proceedings...

The appeal to the Supreme Court of Delaware is from a decision of this court on October 9, 1981, terminating the parental rights of Betty Jo and Roy Shipman in their minor child, Sheila Margaret Shipman.[2] While this court's decision did not mention the quantum of evidence that was required to terminate parental rights,[3] the evidentiary standard adhered to by this court in view of the decision of the Supreme Court of this State in *Matter of Five Minor Children,* Del.Supr., 407 A.2d 198 (1979), was preponderance of the evidence. This court will review the evidentiary standards and then the evidence that was considered before ordering termination of parental rights in light of the proper evidentiary standard.[4] In passing, I will mention the four different standards that are most often applied in weighing evidence.

■ The lowest standard of proof is substantial evidence, meaning such relevant evidence as a reasonable mind might accept as adequate to support a conclusion—more than a scintilla but less than a preponderance. *Olney v. Cooch,* Del.Supr., 425 A.2d 610, 614 (1981); *Del. Alcoholic Bev. v. Alfred I duPont Sch.,* Del.Supr., 385 A.2d 1123 (1978). This standard is most often utilized by an appellate court in determining whether there is sufficient evidence in the record to support the conclusions of fact made by a trial court.

■ The next standard of proof is preponderance of the evidence, meaning such relevant evidence as will enable the court to determine the identity of the litigant who should prevail, the weight of the evidence tipping in favor of that litigant. *Reynolds v. Reynolds,* Del.Supr., 237 A.2d 708 (1967); *Warwick v. Addicks,* Del.Super., 35 Del. 43, 157 A. 205 (1931). Thus, if the evidence is in even balance then the litigant having the burden of persuasion by a preponderance of the evidence will fail to sustain that burden. *Guthridge v. Penn-Mod., Inc.,* Del.Super., 239 A.2d 709 (1967). The preponderance standard, prior to *Santosky, supra,* was applied by this court following the instruction of the Supreme Court of Delaware in *Matter of Five Minor Children, supra.*

■ The third standard of evidence is clear and convincing evidence, a higher evidentiary standard than mere preponderance *Walsh v. Bailey,* Del.Supr., 197 A.2d 331 (1964), 32A *C.J.S., Evidence* § 1023 and *29 Am.Jur.2d, Evidence* § 1167. This is the standard of evidence now required for termination of parental rights by virtue of *Santosky, supra,* and *Patricia A.F.V. v. James R.F., supra.*[5] The Supreme Court of the United States in *Santosky, supra,* declared clear and convincing to be a higher evidentiary than mere preponderance but a lesser standard than proof beyond a reasonable doubt, the fourth standard of evidence which is merely mentioned here.

---

manded the case to the trier of fact who had observed the witnesses and their demeanor to reevaluate the evidence in light of *Santosky, supra. In re G.J.A.,* Pa.Super., 450 A.2d 80, (1982).

2.  One opinion with respect to this case appears as *Shipman v. Division of Social Services,* Del. Fam.Ct., 442 A.2d 101 (1981).

3.  Interestingly, this court did state on page 2 of the opinion "... that the clear and proper *course calls for immediate termination of parents' parental rights."*

4.  There is no question of retroactivity involved here because the *Santosky* principle is being applied to a case still pending on direct review at the time the *Santosky* principle was announced. *Brown v. Louisiana,* 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980); *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); and *State v. Deputy,* Del. Supr., 433 A.2d 1040, 1045 (1981).

5.  The clear and convincing evidentiary standard was adopted and applied by this court in *Division of Social Services v. Tusiki,* Del.Fam. Ct., 446 A.2d 1109, 1111 (1982).

Perhaps the most satisfactory definition of clear and convincing evidence appears in *Black's Law Dictionary* 227 (5th ed. 1979), reading in part as follows:

That measure or degree of proof which will produce in (sic) mind of trier of facts a firm belief or conviction as to allegations sought to be established; it is intermediate, being more than mere preponderance, but not to (sic) extent of such certainty as is required beyond reasonable doubt as in criminal cases. *Fred C. Walker Agency, Inc. v. Lucas,* 215 Va. 535, 211 S.E.2d 88, 92.

■ I have reviewed my trial notes and have reread my opinion. I am convinced that when this case came before me if I had then been required to examine and test the evidence by consciously applying the clear and convincing evidence standard instead of the normal and expected preponderance of the evidence standard, my conclusions, and my order entered thereon, would have been precisely the same. Therefore, I see no reason in light of *Santosky, supra,* and *Patricia A.F.V. v. James R.F., supra,* for modifying in any respect my factual conclusions and/or order terminating petitioners' parental rights over the child in question.