**EDWARD H. and Dixie H.,
Respondents Below,
Appellants,**

**v.**

**DIVISION OF CHILD PROTECTIVE SERVICES, INC., Petitioner Below, Appellee.**

Supreme Court of Delaware.

Submitted: Oct. 1, 1985.
Decided: Oct. 8, 1985.

Marian C. Nowell (argued), Community Legal Aid Soc., Inc., for appellants.

M. Edward Danberg (argued), Dept. of Justice, for appellee.

Before CHRISTIE, C.J., HORSEY and MOORE, JJ.

PER CURIAM.

The appellants are the natural parents of three minor children who were formerly in the care and custody of the appellee Division of Child Protective Services (the Division), an agency of the State of Delaware. The Family Court had awarded custody to the Division, and on appeal to the Superior Court the issues were deemed moot because by then the children had been returned to their parents. The Division has moved to dismiss this appeal on the same

ground. Although the parents have raised substantial constitutional issues respecting the Division's conduct, and the procedural and legal standards applied by the Family Court in depriving them of the custody of their children, those issues now are moot. The parents' full legal custody of the children has been restored. Moreover, the procedural rules of the Family Court governing such matters have since been amended. Thus, considering all of these factors any ruling on the merits would be of dubious value to the parties or the present state of the law. Accordingly, the Division's motion to dismiss the appeal as moot will be granted.

### I.

The factual background is a sad one. In 1983 the family was destitute. The members had been evicted from their home and the parents were jobless. Although aided by charities and churches, their situation nonetheless was desperate. Thus, in February 1983 the parents voluntarily placed these three children in the Division's care.

Shortly thereafter the Family Court, acting ex parte, awarded temporary custody of the children to the Division based on the latter's petition alleging dependency[1] or neglect.[2] The parents later opposed this action, and after hearings based on varying degrees of formality the children ultimately were adjudicated dependent pursuant to 10 *Del.C.* § 901(8). Their permanent custo-

dy was awarded to the Division in whose care they remained until December 1983, when they returned to live with their parents.

In the meantime the parents had appealed the Family Court's rulings to the Superior Court. During the pendency of that appeal the Division sought to return full legal custody to the parents, and moved to dismiss the proceedings as moot. After briefing and oral argument the Superior Court ordered the appeal dismissed on grounds of mootness.[3] The parents' appeal to this Court followed.

### II.

Numerous due process violations are alleged regarding the legal and procedural standards followed by the Division and the Family Court. We need not address such issues at this time. The children now are in the full care and custody of their parents. Furthermore, in May 1985 the Family Court promulgated new rules governing child dependency, neglect and abuse proceedings.[4] Nonetheless, the parents contend that the dangers of recurring due process violations mandate a definitive ruling by this Court regarding the standards applicable to legal proceedings affecting the parent-child relationship.

This Court has already spoken on the relevant due process standards at least three times since 1982. Consistent with

**1.** Under 10 *Del.C.* § 901(8) a dependent child is defined as follows:

(8) "Dependent child" means a child whose physical, mental or emotional health and well-being is threatened or impaired because of inadequate care and protection by the child's custodian, who is unable to provide adequate care for the child, whether or not caused by the child's behavior; provided, however, that for the purposes of this chapter, dependent child may include a child who has been placed in a nonrelated home on a permanent basis without the consent and approval of the Division of Child Protective Services or any agency licensed thereby to place children in a nonrelated home; or who has been placed with a licensed agency which certifies it cannot complete a suitable adoption plan.

**2.** A neglected child is defined by 10 *Del.C.* § 901(11) as follows:

(11) "Neglected child" means a child whose physical, mental or emotional health and well-being is threatened or impaired because of inadequate care and protection by the child's custodian, who has the ability and financial means to provide for the care but does not or will not provide adequate care; or a child who has been abused or neglected as defined by § 902 of Title 16. No child who in good faith is under treatment solely by spiritual means through prayer in accordance with the tenets and practices of a recognized church or religious denomination by a duly accredited practitioner thereof shall for that reason alone be considered a neglected child for purposes of this chapter.

**3.** Thereafter, a formal order was entered by the Family Court rescinding the grant of custody to the Division.

**4.** See Family Court Rules 200–205.

the mandate of *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), we have held that the "clear and convincing standard of proof" is applicable whenever a party seeks to terminate another's parental rights. *Patricia A.F. v. James R.F.*, Del.Supr., 451 A.2d 830, 831–32 (1982). In *William H.Y., v. Myrna L.Y.*, Del.Supr., 450 A.2d 406, 410–11 (1982), we recognized that this standard also would be applicable in custody cases. See 450 A.2d at 410 n. 11.

Finally, in *Daber v. Division of Child Protective Services*, Del.Supr., 470 A.2d 723 (1983), we defined the bases justifying intervention in the parent-child relationship:

> Fewer rights are more sacred than those which derive from the parent-child relationship. A society which arrogates to itself the power to intervene and disrupt that relationship can do so only for the most compelling reasons necessary to correct or protect a child from circumstances which directly threaten or affect the minor's physical or emotional health. The State and its agencies are not in the business of determining or otherwise interfering with the parent-child relationship on any less substantial grounds.

*Id.* 470 A.2d at 726.

Under the circumstances if there are alleged recurrent violations of these standards we consider it more appropriate to address them in the context of the present Family Court Rules so that definitive relief, if appropriate, can be afforded an aggrieved party. On this record anything we say on the subject will not resolve any issues between the parties, and necessarily will be incomplete. At best we would be rendering an impermissible advisory opinion on subjects that now are moot. See *Sannini v. Casscells*, Del.Supr., 401 A.2d 927, 930 (1979). We decline to do so.

For the foregoing reasons the Division's motion to dismiss the appeal is granted.

DISMISSED.