CUSTODY OF A MINOR (No. 2). June 1, 1982. The natural mother has requested a rehearing of the decision of this court in *Custody of a Minor (No. 2), ante* 290 (1982), in light of *Santosky* v. *Kramer,* 455 U.S. 745 (1982). In that decision, issued twelve days after our opinion, the United States Supreme Court held that "at a parental rights termination proceeding, a near-equal allocation of risk between the parents and the State is constitutionally intolerable," *id.* at 768, and that, therefore, a "fair preponderance of the evidence" standard does not meet the requirements of the due process clause. *Id.* This is true even if the State adopts special procedures for these cases. *Id.* at 757 n.9. The Supreme Court held that a "clear and convincing evidence" standard is sufficient to convey "to the factfinder the level of subjective certainty . . . necessary to satisfy due process," *id.* at 769, although the States are free to impose an even higher burden of proof.

At the time the judge made her findings in this case, and at the time of our opinion, the Supreme Judicial Court had expressly declined to adopt the "clear and convincing" standard of proof now mandated by *Santosky.* *Custody of a Minor (No. 1),* 377 Mass. 876, 884 (1979). *Custody of a Minor (No.2),* 378 Mass. 712, 722 (1979). *Petition of the Dept. of Pub. Welfare to Dispense with Consent to Adoption,* 383 Mass. 573, 592 (1981). See *Guardianship of Roe,* 383 Mass. 415, 424-425 (1981). It looked with disfavor on such an intermediate standard of proof. *Callahan* v. *Westinghouse Bdcst. Co.,* 372 Mass. 582, 583 (1977). While extra measures of evidentiary protection were required in cases involving termination of parental rights, *Custody of a Minor (No. 1),* 377 Mass. at 884, and while there may be no "appreciable difference between the requirements that a showing be clear, convincing or persuasive," *Petition of*

*the Dept. of Pub. Welfare*, 383 Mass. at 592, in view of the explicit rejection of the "clear and convincing" standard by the Supreme Judicial Court, we cannot accept the Department's contention that the standard applied by the trial judge is equivalent to the one now prescribed by *Santosky*.

We need not consider whether the standard of *Santosky* must, as a constitutional matter, be applied where, as here, the findings antedate *Santosky*. See *Matter of Darren Todd H.*, 615 P.2d 287, 290 (Okla. 1980) (new standard of proof applied prospectively); *In re J.J., a Child*, 617 S.W.2d 188 (Tex. 1981) (new standard is not to affect judgments that had previously become final and unappealable). This is so because we consider it appropriate for the natural parents to have the benefit of *Santosky* in this case in view of the close proximity in time between our opinion and *Santosky* (twelve days), and the fact that the natural mother claimed on her appeal that the judge did not properly treat the Department's burden of proof.

The natural parents argue that a new trial must be held, relying on the following sentence of *Santosky*, at 757: "Since the litigants and the factfinder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance." That statement, however, was not directed to the question before us, that is, whether a new trial is mandated, but was made in a different context. The Court was considering the contrast between the standard of proof, which it held to be a rule of general application, and other procedures which are to be imposed only on a case by case basis.

Moreover, counsel for the natural parents acknowledged at oral argument on the petition for rehearing that there would have been no difference in her trial tactics had she known at the outset that a different standard of proof would be applicable. The trial judge in this case is an experienced trier of fact and, as recounted in our previous opinion, held numerous hearings. We think she is in the best position to determine, after hearing arguments of counsel, whether new hearings are required in these sensitive proceedings. See *Commonwealth* v. *Walsh*, 376 Mass. 53, 61 (1978). See also *Custody of a Minor (No. 2)*, 378 Mass. at 714-715 n.1.

Accordingly, the judgment is vacated and the matter is remanded to the Superior Court for the judge, after affording counsel an opportunity to be heard, to reconsider her findings applying the "clear and convincing" standard required by *Santosky*. Should the judge conclude that further evidence is required, she may order a new hearing.

*So ordered.*

*Ellen B. Kaplan* for the parents.

*Judith S. Yogman*, Assistant Attorney General, for Department of Social Services.

*M. John Schubert* for the minor.