21763

Forrest Michael GINN, Petitioner-Respondent, v. Charlotte Ann Bell Grose GINN, Larry Snow a/k/a Larry Grose, and Laura Ann Grose, a minor, Respondents, of whom Larry Snow a/k/a Larry Grose is the Respondent-Appellant.

(294 S. E. (2d) 42)

*David R. Gravely* of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers*, Myrtle Beach, *for respondent-appellant.*

*O. A. Rankin*, Conway, *for petitioner-respondent.*

*Phillip D. Sasser*, Conway, *for respondent, Laura Ann Grose.*

July 21, 1982.

HARWELL, Justice:

Appellant's parental rights in his minor daughter were terminated, thereby permitting respondent Forrest Michael Ginn to adopt without appellant's consent. Appellant alleges the family court erred in concluding he had abandoned his child. We disagree and affirm.

Appellant and Charlotte Ann Bell Grose Ginn were married in June 1971. In September 1973, their child, Laura Ann Grose, was born. They separated in May or June 1977, and

218

appellant's wife and child moved to Horry County to reside with her parents. In April 1978 appellant's wife was granted a divorce in Kentucky where appellant was then residing. Although the decree specified that appellant was to pay his wife $30.00 per week child support, he had never made any payments. From November 1978 until the family court hearing in August 1979, appellant had not attempted to visit his child. In January 1979, respondents Charlotte Grose Ginn and Forrest Michael Ginn were married. This adoption proceeding followed in August 1979.

South Carolina Code Ann. § 20-11-20(1) (1976)[1] defines an abandoned child as

[a] child whose parents have willfully failed to visit or have willfully failed to support or make payments toward his support for six consecutive months immediately preceding institution of an action or proceeding to declare the child to be an abandoned child.

In determining matters of abandonment, a trial judge is afforded a wide discretion. *Richland County Department of Social Services v. Hills,* 269 S. C. 568, 238 S. E. (2d) 685 (1977). We agree with respondents that the family court acted within its discretion in terminating appellant's parental rights in minor daughter.

We have reviewed the record and have determined that the respondent supported his allegations, that appellant's failure to visit or support his minor daughter was willful, by clear and convincing evidence as required by *Santosky v. Kramer,* _____ U. S. _____, 102 S. Ct. 1388, 71 L. Ed. (2d) 599 (1982). At the hearing appellant testified that he could not afford to support his child, yet the evidence disclosed that he had at least $4,000 in his checking account and over $3,000 in a savings account. At another point in his testimony, appellant denied that he could not afford to pay child support but stated that he failed to support or visit his daughter because he did not know where

[1] In May 1981 § 20-11-20 was repealed as part of a total reorganization of the provisions dealing with family, juvenile and domestic matters. S. C. Code Ann. § 20-7-1570 *now* provides similar provisions.

she was. However, even though his former wife had an unlisted telephone number, appellant knew how to contact his former in-laws and yet never communicated with them in his effort to locate his daughter. In fact, the record reveals that appellant made no overt attempt to locate his former wife and daughter.

*D'Augustine v. Bush*, 269 S. C. 342, 237 S. E. (2d) 384 (1977) is distinguishable from the instant case. In *D'Augustine* the natural father's failure to visit and support his child was largely due to affirmative efforts of the natural mother and the stepfather.

The clear and convincing evidence sustains the conclusion that appellant willfully failed to visit and support his child.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.