PETITIONS OF THE DEPARTMENT OF SOCIAL SERVICES TO DISPENSE WITH CONSENT TO ADOPTION. March 29, 1983. While the evidence in these two proceedings under G. L. c. 210, § 3, to dispense with the need for consent by the biological mother (the father had previously consented) to the adoption of two minor children was heard prior to the decision in *Santosky* v. *Kramer*, 455 U.S. 745 (1982), the findings and conclusions were made after that decision. The Probate Court judge found that the mother was "currently unfit to assume responsibility for the children" and that the "evidence to support that conclusion was clear and convincing." Since the judge used the proper standard, there is no occasion to remand the matter for further consideration. The mother's claim that a new hearing is required is based on the statement in *Santosky*, at 757, that "the standard of proof necessarily must be calibrated in advance." We explicitly rejected that argument in *Custody of a Minor (No. 2)*, 13 Mass. App. Ct. 1088, 1089 (1982), and indicated that the statement relied upon was not directed to the need for a new hearing.

Counsel for the mother specifically disclaimed any contention of error based on the effect of *Santosky* on the presumption contained in the last paragraph of G. L. c. 210, § 3, and that question has not been briefed or argued. We do not consider it.

*Decrees affirmed.*

*David A. Conlon* for the mother.

*Jamie W. Katz*, Assistant Attorney General, for Department of Social Services.