459 A.2d 1247

**In re ADOPTION OF M.E.T.**

**Appeal of M.E.T.G.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1982.

Filed April 22, 1983.

Donald Gary Keyser, Uniontown, for appellant.

Lawrence D. McDaniel, Uniontown, for appellee.

Before CERCONE, P.J., and SPAETH, CAVANAUGH, WICKERSHAM, BROSKY, BECK and JOHNSON, JJ.

CAVANAUGH, Judge:

The issues raised in this appeal relate to the application of the United States Supreme Court's recent holding in *Santosky v. Kramer, Commissioner, Ulster County Dept. of Social Services, et al.*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), to Pennsylvania cases. The effect of the *Santosky* decision was to raise the burden of proof

required in involuntary termination of parental rights cases from a "preponderance of the evidence" to "clear and convincing evidence." We now hold that the higher burden of proof required by *Santosky* must be applied to all cases which had not been finally decided on appeal at the time the *Santosky* opinion was filed, and that cases pending on appeal at the time *Santosky* was filed must be remanded to the trial court for further proceedings.

This appeal was taken from an order involuntarily terminating the parental rights of M.E.T.G. with regard to her daughter M.E.T. under section 311(1) of the Adoption Act of 1970. 1 P.S. § 311(1).[1] The case arose pursuant to a petition for adoption of M.E.T. filed by her foster parents, G.M. and P.M., appellees herein. The child's natural father consented to the adoption and he is not a party to this appeal. Appellant mother, however, opposed the termination of her parental rights. We need not discuss in detail the factual background of the case. Suffice it to state that the lower court found that the appellees had established, by a preponderance of the evidence, that the requirements of section 311(1) had been met in that appellant "by conduct continuing for a period of at least six months ... [had] refused or failed to perform parental duties."[2] The court therefore entered an order on March 6, 1981, involuntarily terminating appellant's parental rights and granting the appellees' adoption petition. Appellant filed an appeal to this court. We filed an order and opinion on June 25, 1982, affirming the termination order of the lower court. *In re:*

1. Act of July 24, 1970, P.L. 620, No. 208, Art. III, § 311(1). The Adoption Act of 1970 has been superceded by The Adoption Act of 1980, Act of October 15, 1980, P.L. 934, No. 163. 23 Pa.C.S.A. § 2101 *et seq.* The grounds for termination provided by § 311 of the 1970 Adoption Act are now found at 23 Pa.C.S.A. § 2511.

2. Section 311(1) states that:
   The rights of a parent in regard to a child may be terminated ... on the ground that:
   (1) The parent by conduct continuing for a period of at least six months either has evidenced a settled purpose of relinquishing parental claim to a child, or has refused or failed to perform parental duties.

*Adoption of M.E.T.,* (slip opinion, Pa.Super.Ct., filed June 25, 1982).

Subsequent to the entry of the lower court's order but prior to the disposition of the appeal by this court, the United States Supreme Court struck down a New York law permitting the state to terminate the rights of parents in their natural child upon showing by a "fair preponderance of the evidence" that the child was "permanently neglected." *Santosky v. Kramer, supra.* The Supreme Court held that "the Due Process Clause of the Fourteenth Amendment requires that the State support its allegations *by at least clear and convincing evidence.*" 455 U.S. at 747–48, 102 S.Ct. at 1391, 71 L.Ed.2d at 603 (emphasis added). In our prior opinion affirming the termination order in the instant case, we "assumed without deciding" that *Santosky* applied where the matter was tried before the *Santosky* opinion was filed, but where appellate review was not completed until after the Supreme Court had rendered the decision. We concluded, however, that even under the new stringent federal constitutional standard, appellees had met their burden of proof and that the termination order was therefore proper. Appellant subsequently filed an application for reargument. We granted the application and directed that the case be reargued before this court sitting en banc.

The first issue which must be addressed is whether the clear and convincing evidence standard need be applied to cases in which an order of termination had been entered by a lower court prior to the issuance of the Supreme Court's decision in *Santosky* but which had not yet been finally decided on appeal, or whether the new standard need only be applied to cases begun subsequent to the March 24, 1982 *Santosky* decision. We have little difficulty concluding that the clear and convincing standard must be applied to all cases in which appeals had not been exhausted at the time the *Santosky* decision was rendered.

The Pennsylvania Supreme Court discussed at length in a recent opinion the issue of whether a new rule of law must

be applied to cases pending on direct appeal at the time the new rule is announced. *Commonwealth v. Geschwendt*, 500 Pa. 120, 454 A.2d 991 (1982). The *Geschwendt* majority pointed out that neither the Federal nor the Pennsylvania Constitution requires that new rules of law be given retrospective effect. The majority then expressly disavowed the recent holding in *Commonwealth v. Brown*, 494 Pa. 380, 383, 431 A.2d 905, 906–07 (1981), where the court stated that "a party whose case is pending on direct appeal is entitled to the benefit of changes in the law which occur before the judgment becomes final," in favor of a "balancing approach" in which "[t]he litigant's interest in securing the benefit of the change must be considered in conjunction with the purposes intended to be accomplished by the change and the impact of a retrospective application on the system." *Geschwendt*, 500 Pa. at 134, 454 A.2d at 999.

The *Geschwendt* majority seems to concede that a litigant whose case was pending on direct appeal would definitely be entitled to retrospective application if the new rule of law was constitutionally compelled and affected the truth-finding function of the trial court. This is in accord with the holding in *Commonwealth v. Cain*, 471 Pa. 140, 369 A.2d 1234 (1977). As the Supreme Court pointed out in *Santosky*, the standard of proof in a given case is related to "the risk of error inherent in the truth finding process," 455 U.S. at 757, 102 S.Ct. at 1396, 71 L.Ed.2d at 609. Therefore, we feel that the clear and convincing evidence requirement established in *Santosky* must necessarily be applied to all Pennsylvania cases in which appellate review has not been completed.[3] Even were we to apply the *Geschwendt* balanc-

---

3. At the time the *Santosky* decision was rendered, 31 states required, either by statute or by court decision, at least clear and convincing evidence or its equivalent in termination of parental rights cases. *See Santosky*, 455 U.S. at 749–50, n. 3, 102 S.Ct. at 1392, n. 3, 71 L.Ed.2d at 604, n. 3. Of the 19 states which did not require clear and convincing evidence prior to the *Santosky* decision, ten, other than Pennsylvania, have had occasion to address the application of the *Santosky* requirement. Only one of those states, Colorado, has decided that *Santosky* does *not* need to be applied to cases pending on appeal as of March 24, 1982, and that it need apply only to cases commenced subsequent

ing approach, we would reach the same result, since we feel that the necessity of protecting parents' due process rights far outweighs any negative impact of retrospective application on the system of justice.

Having decided that the clear and convincing evidence standard must be applied to cases pending on appeal, we must now determine whether cases in which a lower court order involuntarily terminating parental rights was based on the preponderance of the evidence standard must be remanded for further proceedings at the trial level, or whether this court can review the record in light of the new standard and make its own determination as to whether the evidence presented meets the clear and convincing standard. We believe that a remand is necessary in such cases. Indeed, there is language in the *Santosky* opinion which seems to mandate additional proceedings at the fact finding level when a prior determination was entered following a proceeding at which an improper burden of proof was applied. As the Supreme Court stated:

> Since the litigants and the factfinder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance. Retrospective case-by-case review cannot preserve fundamental fairness when a class of proceedings is governed by a constitutionally defective evidentiary standard.

455 U.S. at 757, 102 S.Ct. at 1396, 71 L.Ed.2d at 609. (footnote omitted).

As was pointed out by the Court of Appeals of Oregon, "The principal—if not the sole—concern of the *Santosky* majority was with the way in which evidence is weighed by the factfinder...." *Matter of Farrell,* 58 Or.App. 258, 648 P.2d 401, 404 (1982). The Court stated in *Santosky* that "The standard of proof 'instruct[s] the *factfinder* concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions' he draws

to the filing of the *Santosky* opinion. *See People in Interest of C.A.K.* (Colorado Supreme Court), 652 P.2d 603 (1982).

from that information." 455 U.S. at 757–58, n. 9, 102 S.Ct. at 1396, n. 9, 71 L.Ed.2d at 609, n. 9 (emphasis added), quoting *In re Winship,* 397 U.S. 358, 370, 90 S.Ct. 1068, 1076, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring). This court does not sit as a factfinder. The trial court is in a better position to assess the credibility of witnesses and make findings of fact and thus, even in cases in which our scope of review is of the broadest type, we will not usurp the factfinding function of the trial court. *In re Custody of J.S.S.,* 298 Pa.Super. 428, 444 A.2d 1251 (1982); *Robert H.H. v. May L.H.,* 293 Pa.Super. 431, 439 A.2d 187 (1981). Only by remanding this case and other cases similarly situated to the trial court can we assure parents whose rights have been involuntarily terminated of a factfinding procedure which satisfies the constitutionally required standard of proof.[4]

4.  As stated in footnote 3, *supra,* ten states, other than Pennsylvania, have had occasion to address the application of the new requirement established in *Santosky.* Only Colorado determined that it need not apply to cases pending on appeal. Of the remaining nine states, two, New York and South Carolina, have not remanded cases to the trial court but have instead applied the clear and convincing standard at the appellate level. *See In the Matter of John A.A., et al.,* 89 App. Div.2d 738, 453 N.Y.S.2d 942 (1982); *Ginn v. Ginn,* (Supreme Court of South Carolina), 294 S.E.2d 42 (1982). Five states, Arizona, Delaware, Massachusetts, Mississippi, and South Dakota have remanded for further proceedings at the trial level. *See Matter of Appeal in Pima County, Etc.,* 132 Ariz. 377, 646 P.2d 262 (1982); *Matter of Appeal in Maricopa County, Etc.,* (Court of Appeals of Arizona), 133 Ariz. 582, 653 P.2d 39 (1982); *Patricia A.F. v. James R.F.* (Supreme Court of Delaware), 451 A.2d 830 (1982); *Custody of a Minor* (No. 1), 13 Mass.App. 1088, 436 N.E.2d 172 (1982), app. den., — Mass. —, 438 N.E.2d 75 (1982); *Custody of A Minor* (No. 3), 14 Mass.App. 1013, 441 N.E.2d 768 (1982); *Natural Father v. United Methodist Children's Home,* (Supreme Court of Mississippi), 418 So.2d 807 (1982); *People in The Interest of S.H.* (Supreme Court of S.D.), 323 N.W.2d 851 (1982); *In the Matter of S.S., T.D., D.D. and S.D.* (Supreme Court of S.D.), 323 N.W.2d 852 (1982). The Oregon Court of Appeals held that remand was not necessary, but *only* because the Oregon Appellate Courts engage in *de novo* factual review in such cases. *See In The Matter of Farrell,* 58 Or.App. 258, 648 P.2d 401 (1982). Appellate decisions in Indiana are inconsistent, with one district of the Court of Appeals reviewing the evidence itself under the clear and convincing standard, *Matter of Jones,* (Court of Appeals of Indiana, Fourth District), 436 N.E.2d 849 (1982), and another district of the Court of Appeals remanding for further proceedings at the trial level, *Ellis v. Knox*

We therefore hold that any case in which a party's parental rights were terminated based on a preponderance of the evidence standard should be remanded to the trial court for further proceedings at which the constitutionally mandated clear and convincing evidence standard shall be applied.[5] We do not, however, feel that the lower court must, in all cases, hold new evidentiary hearings. Rather, we adopt the procedure advocated by The Appeals Court of Massachusetts in *Custody of A Minor (No. 1)*, 13 Mass. App. 1088, 436 N.E.2d 172, *app. den.,* —— Mass. ——, 438 N.E.2d 75 (1982) and *Custody of A Minor (No. 3)*, 14 Mass.App. 1013, 441 N.E.2d 768 (1982). Thus, we hold that cases shall be remanded with a direction to the trial court that it determine, after hearing arguments of counsel, whether new evidentiary hearings are required. If the court is convinced that counsel would have tried the case differently had it known that a clear and convincing evidence standard would be applied, or if the court concludes that the evidence should be expanded and/or brought up to date, then it should schedule new evidentiary hearings. If, on the other hand, the court is convinced that new evidentiary hearings are not required, the court need only reconsider its prior findings in light of the clear and convincing standard and modify those findings as necessary. We feel that this procedure adequately protects the parents' right to ensure that findings of parental unfitness are made on the basis of clear and convincing evidence.

We realize that our decision today will cause further delay in the resolution of some adoption cases, subjecting well-meaning petitioners to additional proceedings and prolonging a state of uncertainty in lives of children, but we

*County Department of Public Welfare,* (Court of Appeals of Indiana, First District), 433 N.E.2d 847 (1982).

5. We will not, of course, remand those cases in which our review of the record convinces us that even the lower standard of preponderance of the evidence had not been satisfied. Orders of termination in those cases will be reversed outright. The instant case is not such a case. We are convinced that grounds for terminating appellant's parental rights were established by a preponderance of the evidence.

feel that any hardship imposed by our decision is far outweighed by the need to protect the due process rights of parents who may be forever deprived of their "fundamental liberty interest ... in the care, custody, and management of their child." *Santosky,* 455 U.S. at 753, 102 S.Ct. at 1394, 71 L.Ed.2d at 606.

Order vacated. Case remanded for further proceedings not inconsistent with this opinion.[6]

**6.** The parties in the instant case were also directed to address the issue of whether, in light of *Santosky,* due process mandates an appellate scope of review in parental termination cases broader than the abuse of discretion standard. However, since we have determined that this case must be remanded to the trial court for further proceedings, any discussion at this point regarding our scope of review would be dictum. We therefore decline to address the issue and reserve it, instead, for discussion at a more appropriate time. We note, in fact, that the issue is already slated to be addressed by this court en banc in the case of *In re Adoption of James J.,* Nos. 2776 and 2793 Philadelphia, 1981.