The appeal is quashed.

460 A.2d 1190

**In re A.M., P.A.M., V.L.M.**

**Appeal of B.M.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1982.

Filed May 27, 1983.

Lenore M. Urbano, Williamsport, for appellant.

Dudley N. Anderson, Williamsport, for appellees.

Charles F. Greevy, III, Williamsport, for Lycoming Co., participating party.

Before HESTER, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal by B.M., the natural mother of two minor children, whose parental rights were terminated involuntarily by the court below after a hearing was held under the Adoption Code.[1] We must reverse and remand for reconsideration in light of the United States Supreme Court's holding in *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

The record reveals that the NOTICE OF APPEAL in the instant case was filed on January 27, 1982, and the order appealed was dated December 28, 1981.

In a recently filed opinion of this Court, we concluded that "the clear and convincing standard must be applied to all cases in which appeals had not been exhausted at the

1. Act of July 24, 1970, P.L. 620, No. 208, Art. III, § 311(1). The Adoption Act of 1970 has been superceded by the Adoption Act of 1980, Act of October 15, 1980, P.L. 934, No. 163, 23 Pa.C.S.A. § 2101 et seq.

time the *Santosky* decision was rendered." *In Re: Adoption of M.E.T., Appeal of: M.E.T.G.,* 313 Pa.Super. 316, ——, 459 A.2d 1247, 1249 (1983). Because the matter before us was pending on March 24, 1982, the date of the *Santosky* decision, we must remand to the trial court for further proceedings.

Order vacated. Case remanded for further proceedings not inconsistent with this opinion. Henceforth, any appeal must be from the order of the trial court thus imposed. Jurisdiction is relinquished.