463 A.2d 1041

**In re ADOPTION OF C.J.L., III.**

**Appeal of C.J.L., Jr.**

Superior Court of Pennsylvania.

Argued Feb. 1, 1983.

Filed June 24, 1983.

Clarification Denied Sept. 1, 1983.

C.J.L., Jr., Pittsburgh, in propria persona.

Linden George Appel, Wilkes-Barre, for appellee.

Richard J. Marusak, Hazelton, for participating party.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from an order which involuntarily terminated the parental rights of C.J.L., Jr. with regard to his son, C.J.L., III under 23 Pa.C.S.A. § 2511(a)(1). We remand to the Common Pleas Court.

An en banc panel of this court decided in *In re: Adoption of M.E.T.*, 313 Pa.Super. 316, 459 A.2d 1247 (1983), that the higher burden of proof of clear and convincing evidence required in involuntary termination of parental rights cases by the United States Supreme Court in *Santosky v. Kramer, Commissioner, Ulster County Department of Social Services, et al*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), is to be applied in all cases which had not been finally decided on appeal at the time the *Santosky* opinion was filed. *In re: Adoption of M.E.T., supra*, also held that

when a trial court had terminated the rights of a parent based on a preponderance of the evidence, and an appeal therefrom was pending at the time *Santosky* was filed, the case must be remanded to the trial court for further proceedings so that the trial court may determine whether the evidence presented meets the clear and convincing standard.[1]

In the instant case, the Common Pleas Court Judge did not have the benefit of the decision of the *Santosky* decision at the time that the decree of termination was entered,[2] and it is not clear from the record whether the Common Pleas Court Judge applied the "clear and convincing standard". Thus, we remand this case to the trial court so as to enable compliance with the directives of *In re: Adoption of M.E.T.,* that the trial court should determine,

> after hearing arguments of counsel, whether new evidentiary hearings are required. If the court is convinced that counsel would have tried the case differently had it known that a clear and convincing evidence standard would be applied, or if the court concludes that the evidence should be expanded and/or brought up to date, then it should schedule new evidentiary hearings. If, on the other hand, the court is convinced that new evidentiary hearings are not required, the court need only reconsider its prior findings in light of the clear and convincing standard and modify those findings as necessary.

*Id.,* 313 Pa.Superior at 323, 459 A.2d at 1251.

So ordered. Jurisdiction is relinquished.

1. When our review of the record convinces us that the standard of the preponderance of the evidence has not been met, we need not remand and the order of termination will be reversed outright. In the instant case, the grounds for the termination were established by a preponderance of the evidence and, in fact, it even seems that the grounds were established by clear and convincing evidence. Despite this observation, the determination of whether the evidence meets the clear and convincing standard is a decision for the trial court.

2. The decree of termination in this case was filed on December 18, 1981, and the court dismissed exceptions filed by C.J.L., III on February 12, 1982. *Santosky, supra,* was not filed until March 24, 1982.