testations since we find such complaints waived.[1] *See Commonwealth v. Ray, supra; Commonwealth v. Hankins, supra; Commonwealth v. Porter, supra.*

Order affirmed.

462 A.2d 281

## In re ADOPTION of J.J.A., III and D.A.A.

### Appeal of J.J.A., Jr.

Superior Court of Pennsylvania.

Submitted May 6, 1981.

Filed July 1, 1983.

1. Even if, for the sake of argument, we were to find no waiver, the colloquy conducted at the guilty plea hearing satisfies us that appellant entered a knowing, intelligent and voluntary plea. *Cf. Commonwealth v. Anthony*, 307 Pa.Super. 312, 321 & 322, 453 A.2d 600, 604 & 605 (1982) ("It would approach absurdity for us to here rule that the failure of the trial judge to advise [appellant] of the need for jury verdict unanimity rendered the colloquy inadequate, defective and void .... Appellant does not indeed, could not-argue that he would not have pleaded guilty had he known a jury verdict was required to be unanimous. There is not even a suggestion or a hint of prejudice and we cannot, therefore, rule the colloquy defective."), *allocatur* granted May 13, 1983 [No. 49 Eastern District Appeal Docket 1983]. As for appellant's contention that the court's failure to conduct a hearing on his PCHA petition within 180 days after it was filed justifies his discharge, we note, as is the case in dealing with Rule 1100 claims, appellant needs to show how "he was prejudiced by the court's action." *Commonwealth v. Fairley*, 298 Pa.Super. 236, 242, 444 A.2d 748, 751 (1982); *Commonwealth v. Walls*, 303 Pa.Super. 284, 290 n. 13, 449 A.2d 690, 693 n. 13 (1982). Appellant has failed to do so here. Thus, he is entitled to no relief. *Cf. Commonwealth v. Sweitzer*, 261 Pa.Super. 183, 187 n. 2, 395 A.2d 1376, 1378 n. 2 (1978) ("Appellant also contends that he was denied due process because the post-conviction hearing court took one year to dispose of his petition after the hearing.... In this appeal, counsel for appellant cites no cases for this claim, and we find no merit in it.").

James W. Wilson, Philadelphia, for appellant.

Mr. & Mrs. James Hoffman, participating parties, in propria persona.

Before SPAETH, CAVANAUGH and LIPEZ, JJ.

PER CURIAM:

*Adoption of M.E.T.,* 313 Pa.Super. 316, 459 A.2d 1247 (1983) requires that this case be remanded for reconsideration under the clear and convincing evidence standard.

Order vacated, and case remanded. Jurisdiction is not retained.

462 A.2d 281

**Leland E. SMITH, Appellant,**

**v.**

**CROWDER JR. COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1982.

Filed July 1, 1983.

