462 A.2d 284

**In re ADOPTION OF N.N.C.**

**Appeal of S.C.**

**In re ADOPTION OF S.R.C.**

**Appeal of S.C.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1982.

Filed July 1, 1983.

Daniel Lee Haller, Aliquippa, for appellant.

Robert J. Masters, Beaver Falls, for participating party.

Before HESTER, BECK and VAN der VOORT, JJ.

PER CURIAM:

This is an appeal from a July 28, 1980 Order terminating appellant's parental rights pursuant to section 311(1) of The Adoption Act of 1970. 1 P.S. § 311(1).[1] Section 311(1) provides that parental rights may be terminated if "[t]he parent by conduct continuing for a period of at least six months ... has refused or failed to perform parental duties."

A recent opinion of the United States Supreme Court, *Santosky v. Kramer, Commissioner, Ulster County Dept. of Social Services, et al.,* 455 U.S. 745, 102 S.Ct. 1388, 71

---

1. Act of July 24, 1970, P.L. 629, No. 208, Art. III, 311(1). Section 311(1) of The Adoption Act of 1970 was incorporated into The Adoption Act of 1980, Act of October 15, 1980, P.L. 934, No. 163. 23 Pa.C.S.A. § 2511(a)(1).

L.Ed.2d 599 (1982), raised the burden of proof in involuntary termination of parental rights cases from a "preponderance of the evidence" standard to one of "clear and convincing evidence," and a unanimous en banc opinion of this Court, *In re: Adoption of M.E.T.,* 313 Pa.Super. 316, 459 A.2d 1247 (1983), recently held "that the higher burden of proof required by *Santosky* must be applied to all cases which had not been finally decided on appeal at the time the *Santosky* opinion was filed, and that cases pending on appeal at the time *Santosky* was filed must be remanded to the trial court for further proceedings." At, 313 Pa.Superior 316, 459 A.2d 1247.

The *M.E.T.* Court clearly specified the procedure to be followed by the lower court upon remand:

> We do not ... feel that the lower court must, in all cases, hold new evidentiary hearings. Rather, we adopt the procedure advocated by the Appeals Court of Massachusetts in *Custody of A Minor (No. 1),* 13 Mass.App. 1088, 436 N.E.2d 172, *app. den.,* 368 Mass. 1105, 438 N.E.2d 75 (1982) and *Custody of A Minor (No. 3),* 14 Mass.App. 1013, 441 N.E.2d 768 (1982). Thus, we hold that cases shall be remanded with a direction to the trial court that it determine, after hearing arguments of counsel, whether new evidentiary hearings are required. If the court is convinced that counsel would have tried the case differently had it known that a clear and convincing evidence standard would be applied, or if the court concludes that the evidence should be expanded and/or brought up to date, then it should schedule new evidentiary hearings. If, on the other hand, the court is convinced that new evidentiary hearings are not required, the court need only reconsider its prior findings in light of the clear and convincing standard and modify those findings as necessary. We feel that this procedure adequately protects the parents' right to ensure that findings of parental

unfitness are made on the basis of clear and convincing evidence.[2]

At, 313 Pa.Superior 316, 459 A.2d 1247.

Accordingly, we vacate the Order of July 28, 1980 and remand for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

2. In the instant case, the lower court noted "that the careful and individualized scrutiny which the Pennsylvania Supreme Court requires lower courts to give each case of involuntary termination belies respondent's argument that the weakest standard of proof is acceptable in such cases." Lower court opinion at 11. We cannot conclude, however, that the lower court applied the constitutionally required "clear and convincing evidence" standard, and we therefore must remand in light of *Santosky* and *M.E.T.*