462 A.2d 1385

**In re ADOPTION OF R.A.R.**

**Appeal of M.J.R.**

Superior Court of Pennsylvania.

Submitted May 11, 1983.

Filed July 15, 1983.

involved a single complaint for both property damage and personal injury distinguishable.

Lawrence D. MacDonald, Wilkes-Barre, for appellant.

Linden Appel, Wilkes-Barre, for appellee.

Frank Aritz, Swoyersville, for participating party.

Before WICKERSHAM, WATKINS and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from an order involuntarily terminating the parental rights of M.J.R., natural father of R.A.R. We reverse and remand.

In *Santosky v. Kramer, Commissioner, Ulster County Department of Social Services, et al.,* 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), the United States Supreme Court held that an order involuntarily terminating parental rights must be supported by clear and convincing evidence. Although the hearing and order in the instant case occurred after the *Santosky* decision, the trial court did not apply the clear and convincing standard but terminated M.J.R.'s parental rights using the preponderance of the evidence standard. We cannot correct this error by employing a broad scope of review because the standard of proof affects the way in which evidence is weighed by the factfinder, *In re Adoption of M.E.T.,* 313 Pa.Super. 316, 459 A.2d 1247 (1983), and this court does not sit as a factfinder. *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977). Therefore, we must remand this case to the trial court. The *en banc* opinion in *In re: Adoption of M.E.T., supra,* sets forth what is required of the trial court upon remand.

Order vacated. Case remanded for further proceedings not inconsistent with the opinion in *In re: Adoption of M.E.T.*, 313 Pa.Super. 316, 459 A.2d 1247 (1983). We do not retain jurisdiction.