463 A.2d 483

**In re Involuntary Termination of Parental Rights of C.R.**

**Appeal of C.R.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1982.
Filed July 22, 1983.

Joseph J. Kearney, New Castle, submitted a brief on behalf of appellant.

Gabriel P. Cilli, New Castle, for Catholic Social, participating party.

Dominick Motto, New Castle, for Infant Male, participating party.

Before HESTER, BECK and VAN der VOORT, JJ.

PER CURIAM:

Appellant, the natural mother of a child born July 11, 1978 appeals from an order terminating her parental rights upon a finding that she failed or refused to perform parental duties for a continuing period of at least six months, pursuant to section 311(1) of the Adoption Act of 1970. 1 P.S. § 311(1).[1]

This appeal was pending before us when the United States Supreme Court announced its decision in *Santosky v. Kramer, Commissioner, Ulster County Dept. of Social Services, et al.*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), holding that the due process clause of the Fourteenth Amendment to the United States Constitution mandates that the standard of proof in cases of termination of parental rights be clear and convincing evidence. Recently an en banc panel of this Court carefully considered the application of *Santosky* to Pennsylvania law. We held that

1. Act of July 24, 1970, P.L. 620, No. 208, Art. III, § 311(1). Section 311(1) of the Adoption Act of 1970 was incorporated into The Adoption Act of 1980, Act of October 15, 1980, P.L. 934, No. 163.23 Pa.C.S.A. § 2511(a)(1).

*Santosky* must be applied to every case pending on appeal in which parental rights were terminated. Cases in which a party's parental rights were terminated based on the preponderance of the evidence standard, formerly sufficient under Pennsylvania law, and which would be upheld under that standard, now require remand to the lower court for application of the clear and convincing standard. *In re: Adoption of M.E.T.*, 313 Pa.Super. 316, 459 A.2d 1247 (1983).

The procedure to be followed by the lower court upon remand is clear:

> We do not, however, feel that the lower court must, in all cases, hold new evidentiary hearings. Rather, we adopt the procedure advocated by The Appeals Court of Massachusetts in *Custody of A Minor (No. 1)*, 13 Mass.App. 1088, 436 N.E.2d 172, *app. den.*, [——] Mass. [——], 438 N.E.2d 75 (1982) and *Custody of A Minor (No. 3)*, 14 Mass.App. 1013, 441 N.E.2d 768 (1982). Thus, we hold that cases shall be remanded with a direction to the trial court that it determine, after hearing arguments of counsel, whether new evidentiary hearings are required. If the court is convinced that counsel would have tried the case differently had it known that a clear and convincing evidence standard would be applied, or if the court concludes that the evidence should be expanded and/or brought up to date, then it should schedule new evidentiary hearings. If, on the other hand, the court is convinced that new evidentiary hearings are not required, the court need only reconsider its prior findings in light of the clear and convincing standard and modify those findings as necessary. We feel that this procedure adequately protects the parents' right to ensure that findings of parental unfitness are made on the basis of clear and convincing evidence.

*Adoption of M.E.T.*, 313 Pa.Super. at 323, 459 A.2d at 1251.

Order vacated and case remanded for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.