463 A.2d 1166

## In re ADOPTION OF K.A.B.

### Appeal of Marion BUTCHER, Natural Mother of K.A.B.

Superior Court of Pennsylvania.

Submitted April 27, 1983.

Filed July 29, 1983.

James P. O'Connell, Aliquippa, for appellant.

Steven Kocherzat, Ambridge, for appellee.

Robert J. Masters, Beaver Falls, for Children & Youth, participating party.

Robert A. Banks, Ambridge, for father, participating party.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant challenges the burden of proof employed by the lower court in involuntarily terminating her parental rights. Because an improper burden of proof was used, we reverse and remand.

On October 16, 1981, two and one-half years after appellant's child was voluntarily placed in foster care, the Beaver County Child and Youth Services (CYS) petitioned for involuntary termination of appellant's parental rights. After a hearing on December 11 and 14, 1981, the Hon. James E. Rowley entered a decree Nisi in favor of CYS.[1] On July 14, 1982, the Hon. John N. Sawyer dismissed appellant's exceptions and finalized the termination decree. This appeal followed. Appellant alleges that the burden of proof employed at trial was unconstitutional. *Santosky v. Kramer,*

---

**1.** After entering the decree Nisi, but before appellant's exceptions were heard, Judge Rowley was elected to this court, thus necessitating another Common Pleas Court Judge's review of appellant's exceptions.

455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), determined that the burden of proof necessary to satisfy due process concerns in involuntary termination of parental rights cases could be no less than "clear and convincing evidence." *Id.* at 769, 102 S.Ct. at 1402. Because *Santosky* was decided in March, 1982, Judge Rowley did not enjoy the benefit of that decision.[2] Therefore, in order to assure appellant of a factfinding procedure employing the constitutionally mandated burden of proof, her challenge to the involuntary termination of her parental rights must be heard.[3] *See In re; Adoption of M.E.T.*, 313 Pa.Superior Ct. 316, 459 A.2d 1247 (1983).

Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

ROWLEY, J. did not participate in the consideration of or decision in this case.

2. Judge Sawyer's evaluation of the evidence using a "clear and convincing" standard does not suffice to protect appellant's due process rights. In *Santosky,* the Court maintained that, "[t]he standard of proof 'instruct[s] the *factfinder* concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions' he draws from that information." 455 U.S. 745, 757, n. 9, 102 S.Ct. 1388, 1396 n. 9, 71 L.Ed.2d 599 (emphasis added), quoting *In re: Winship,* 397 U.S. 358, 370, 90 S.Ct. 1068, 1075–1076, 25 L.Ed.2d 368 (1970) (HARLAN, J. concurring). *See also id.* 455 U.S. at 769, 402 S.Ct. at 1042 ("termination proceedings often require the factfinder to evaluate medical and psychiatric testimony, and to decide issues difficult to prove to a level of absolute certainty, such as lack of parental motive, absence of affection between parent and child and failure of parental foresight and progress"). Thus, the trial judge, rather than one who reviews a cold record, must apply the "clear and convincing" standard.

3. Because of our disposition of this case, we need not address appellant's remaining contentions.