464 A.2d 493

**In re ADOPTION OF M.T.M. and K.J.M.**

**Appeal of M.M.**

Superior Court of Pennsylvania.

Argued June 15, 1983.

Filed Aug. 12, 1983.

Edgar R. Einhorn, Philadelphia, for appellant.

Donald E. Wydrzynski, Media, for appellees.

Before CERCONE, President Judge, and McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in involuntarily terminating his parental rights. Because the lower court applied a preponderance of the evidence standard of proof, we reverse and remand for reconsideration under the higher burden of proof required by *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).

Appellant and appellee, E.S., the parents of two children, separated in 1978, at which time appellee B.S. moved in with E.S. and her two children. During the next 8–9 months appellant visited the children at least once per month and voluntarily provided child support. In April, 1979, E.S. informed appellant that she did not want him to visit the children or provide for their support. She allegedly told appellant that if he visited, she would phone the police. For the next two years, during which the divorce was finalized and appellees married, appellant had no contact with his children. Appellees filed their petition to terminate appellant's parental rights in September, 1981. The lower court granted their petition on November 2, 1981, prompting this appeal.

■ When a party has petitioned for the termination of another's parental rights, the burden of proof must be no less than clear and convincing evidence.[1] *Santosky v. Kramer, supra.* Our court recently held that cases not

---

1. Although the lower court did not mention the standard of proof employed, appellant's rights were terminated prior to *Santosky* when the Commonwealth required proof of abandonment only by a preponderance of the evidence.

14

finalized on appeal when *Santosky* was decided must be remanded for reconsideration [2] under the more exacting burden of proof. *In re: Adoption of M.E.T.*, 313 Pa.Superior Ct. 316, 459 A.2d 1247 (1983).

■ Accordingly, because an erroneous standard was employed, we reverse and remand for an evaluation of the evidence under a clear and convincing standard.

Reversed and remanded. Jurisdiction not retained.

**2.** In accordance with *In re: Adoption of M.E.T.*, 313 Pa.Superior Ct. 316, 459 A.2d 1247 (1983), the lower court shall, after hearing argument, determine whether the evidence must be brought up to date in a new evidentiary hearing, or whether the evidence is sufficient and must be reconsidered under the clear and convincing standard.