465 A.2d 43

**In re ADOPTION of A.M.B., D.A.B. and B.S.B., Jr., Minors.**

**Appeal of M.W., Respondent and Natural Mother.**

Superior Court of Pennsylvania.

Argued June 15, 1983.

Filed Sept. 2, 1983.

Joseph A. Lakowski, Pittston, for appellant.

Richard Balnave, Wilkes-Barre, for participating party.

Before CERCONE, President Judge, and McEWEN and MONTEMURO, JJ.

MONTEMURO, Judge:

On December 23, 1981, the Court of Common Pleas of Luzerne County, per the Honorable Charles D. Lemmond, Jr., issued a decree terminating the parental rights of M.W. and B.S.B. as to their children A.M.B., D.A.B. and B.S.B., Jr.[1]  Exceptions to the decree were filed by the mother, M.W.  On March 17, 1982, after consideration of the briefs

---

1.  The December 23, decree was a determination of six petitions for involuntary termination of parental rights filed by the Luzerne County Children and Youth Services on December 3, 1980 pursuant to Sections 311, 312 and 313 of the Act of July 24, 1970, P.L. 629, No. 208, 1 P.S. § 101 *et seq.,* hereinafter the Adoption Act of 1970.

458

of the parties, and oral argument, the court, per the Honorable Chester Muroski, dismissed the exceptions. Judge Muroski "specifically agree[d] with the Findings of Fact and Conclusions of Law" as set forth in the opinion of Judge Lemmond. M.W. Appeals from the order dismissing her exceptions.

The opinion by Judge Lemmond states that " . . . it is clear that the mother and father have failed to perform parental duties owed to their children for a period in excess of six months." (Lower Court Op. at p. 8). Thus he found involuntary termination proper based upon 1 P.S. § 311(1).

■   At the time of the adjudication it was necessary only to prove "by a preponderance of the evidence" that the parents refused or failed to perform his or her parental duties. *IN RE Adoption of P.,* 475 Pa. 197, 380 A.2d 311 (1977); *In re Adoption of McAhren,* 460 Pa. 63, 331 A.2d 419 (1975).

One week after the trial court's order dismissing the exceptions, the United States Supreme Court announced its decision in *Santosky, et al v. Kramer, Commissioner, Ulster County Department of Social Services,* 455 U.S. 745, 102 S.Ct., 1388, 71 L.Ed.2d 599 (1982), in which the Court held that the burden of proof required in involuntary termination of parental rights cases was "clear and convincing evidence." *Id.* at 768, 102 S.Ct. at 1402, 71 L.Ed.2d at 616.

Recently, an *en banc* panel of this court in *In re Adoption of M.E.T.,* 313 Pa.Super. 316, 318, 459 A.2d 1247, 1248 (1983) held:

[T]he higher burden of proof required by *Santosky* must be applied to all cases which had not been finally decided on appeal at the time the *Santosky* opinion was filed, and that cases pending on appeal at the time *Santosky* was filed must be remanded to the trial court for further proceedings.

The court went on to establish the appropriate procedure on remand stating:

> We do not . . . feel that the lower court must, in all cases, hold new evidentiary hearings. Rather, we adopt the procedure advocated by the Appeals Court of Massachusetts in *Custody of A Minor (No. 1)*, 13 Mass.App. 1088, 436 N.E.2d 172, *app. den.*, 368 Mass. 1105, 438 N.E.2d 75 (1982) and *Custody of A Minor (No. 3)*, 14 Mass.App. 1013, 441 N.E.2d 768 (1982). Thus, we hold that cases shall be remanded with a direction to the trial court that it determine, after hearing arguments of counsel, whether new evidentiary hearings are required. If the court is convinced that counsel would have tried the case differently had it known that a clear and convincing evidence standard would be applied, or if the court concludes that the evidence should be expanded and/or brought up to date, then it should schedule new evidentiary hearings. If, on the other hand, the court is convinced that new evidentiary hearings are not required, the court need only reconsider its prior findings in light of the clear and convincing standard and modify those findings as necessary. We feel that this procedure adequately protects the parents' right to ensure that findings of parental unfitness are made on the basis of clear and convincing evidence.

*Id.*, 313 Pa.Superior Ct. at 323, 459 A.2d at 1251.

■ Consequently, we must remand this case to the trial court for proceedings in accordance with *In Re Adoption of M.E.T., Id.*[2]

Order Vacated. Case remanded for proceedings as directed herein. Jurisdiction is relinquished.

2. Appellee's contention that the trial court's use of the word "clear" in its opinion at p. 8 meets the standards of *Santosky*. We are not persuaded by this argument. Cf. *In Re Anderson*, 317 Pa.Super. 490, 464 A.2d 428 (1983) (trial court's finding that evidence was "clear, competent and compelling" was at least as stringent as the *Santosky* standard).