1193

Charles COOLEY and Beatrice Cooley, Respondents v. Rebecca J. COOLEY, Paul M. Cooley, and Paul David Cooley, a minor under the age of fourteen (14) years, of whom Rebecca J. Cooley is the Appellant.

(370 S. E. (2d) 896)

Court of Appeals

*Sandra D. Jones,* of *Neighborhood Legal Assistance Program, Inc.,* Frogmore, *for appellant.*

*Gary D. Brown,* Ridgeland, and *James B. Richardson, Jr.,* of *Richardson and Smith,* Columbia, *for respondents.*

*H. Thayer River, Jr.,* Ridgeland, *guardian ad litem.*

Heard June 13, 1988.

Decided July 11, 1988.

SHAW, Judge:

Respondents, Charles and Beatrice Cooley, the grand-parents of Paul David Cooley, sought to adopt Paul David alleging the mother, appellant Rebecca J. Cooley, abandoned the child. From an order terminating Rebecca's parental rights and granting the adoption, Rebecca appeals. We affirm.

Rebecca and Paul M. Cooley were married January 13, 1982. Their son, Paul David, was born January 14, 1984. In July of 1984, while living in South Carolina, Rebecca and Paul separated and Rebecca moved to Louisiana with Paul David. In September of 1984, Paul traveled to Louisiana. Paul testified Rebecca had called him to pick up Paul David because she could no longer take care of him.

While in Louisiana, Paul signed an affidavit agreeing custody could be granted to Rebecca. He also signed a "Judgment" giving custody to Rebecca. Before this "Judgment" was entered, Rebecca called Paul and said she wanted Paul David back. However, Paul had decided to seek custody himself and when Rebecca arrived in South Carolina to pick up Paul David, she was served with a petition seeking custody. Apparently, an order was entered in January of 1985 in South Carolina granting Paul custody. In June of 1985, a hearing was held on Rebecca's motion to vacate judgment and Paul's custody order was subsequently vacated on the ground that custody had already been determined in a Louisiana court. However, Rebecca never retook custody of Paul David.

On November 19, 1985, Charles and Beatrice filed a petition for adoption of their grandson. On February 28, 1986, the adoption was granted. On November 13, 1986, Rebecca filed a motion to vacate the adoption decree. The trial judge then ordered the adoption decree be set aside and the matter be reopened to allow Rebecca to appear and defend against the adoption.

A hearing on the merits was held on January 9, 1987 and on January 31, 1987, the trial judge ordered the adoption

decree dated February 28, 1986 be reinstated. From this order, Rebecca appeals.

Rebecca contends the trial judge erred in finding she had abandoned her son. She basically challenges the strength of the evidence supporting the court's findings.

The evidence on Rebecca's attempts to have contact with her son are in conflict. While Rebecca claims she made numerous telephone calls to the Cooleys in 1985, the Cooleys stated they received only a few attempted collect calls during that year. The Cooleys further stated Rebecca attempted no contact in 1986. Rebecca admitted this, claiming she had lost the Cooley's unlisted number when she moved. However, the record reflects Rebecca had lived with the Cooleys in the past and therefore had sufficient knowledge of their residence enabling her to contact them if she chose.

Section 20-7-1572(3), 1976 Code of Laws of South Carolina, provides for termination of parental rights upon a finding that the child has lived outside the parent's home for a period of six months, and during that time the parent has wilfully failed to visit the child. In determining matters of child abandonment, the trial judge is afforded wide discretion. *Ginn v. Ginn*, 278 S. C. 217, 294 S. E. (2d) 42 (1982). The evidence required to support such a finding must be clear and convincing evidence. *Richberg v. Dawson*, 278 S. C. 356, 296 S. E. (2d) 338 (1982). However, failure of the trial judge to apply this test does not require reversal if the appellate court can review the record and find clear and convincing evidence supporting termination. *Jamison v. Jamison*, 285 S. C. 603, 330 S. E. (2d) 671 (Ct. App. 1985). We hold there is clear and convincing evidence to support the trial judge's finding of abandonment.

All other issues raised by appellant are manifestly without merit. § 14-8-250 South Carolina Code of Laws (Supp. 1987).

Affirmed.

SANDERS, C. J., and BELL, J. concur.