502 Pa. 165 (1983)
465 A.2d 642
In re T.R., a minor.
Appeal of P.A.R.
Supreme Court of Pennsylvania.
Argued May 26, 1983.
Decided September 28, 1983.
*166 Kenneth A. Magar, Altoona, for appellant.
Jolene Grubb-Kopriua, Hollidaysburg, for appellee.
Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION OF THE COURT
HUTCHINSON, Justice.
Appellant, P.R., appeals from the January 29, 1980 decree of the Court of Blair County, Orphan's Court Division, which granted her former husband's petition to terminate appellant's parental rights in their natural child, T.R.[1] Common Pleas determined appellee had established, but only by a preponderance of the evidence, that appellant had failed to perform her parental duties, a statutory ground for involuntary termination. Act of July 24, 1970, P.L. 620, No. 208, Art. 3, Sec. 311, 1 P.S. § 311 (Supp.1977).[2] The decision of the Supreme Court of the United States in Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), which held that a state must prove its case by clear and convincing evidence when it seeks to terminate parental rights, is binding on us as an authoritative statement of federal law and we are without authority to apply a lesser standard of proof. However, we are also persuaded by the reasoning of Santosky, and thus adopt it as a matter of state law applicable to all termination proceedings. See, e.g., Commonwealth v. Platou, 455 Pa. 258, 312 A.2d 29 (1973), cert. denied, 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974); Commonwealth v. Ware, 446 Pa. 52, 284 A.2d 700 *167 (1971), cert. granted, 405 U.S. 987, 92 S.Ct. 1254, 31 L.Ed.2d 453 (1972), cert. vacated and denied, 406 U.S. 910, 92 S.Ct. 1606, 31 L.Ed.2d 821.[3] Because Common Pleas based its decision here upon a lesser standard of proof,[4] we vacate its order and direct it to hold a rehearing and thereafter decide the case under the proper standard.[5]
As stated, appellee filed a petition to involuntarily terminate appellant's parental rights in her child, T. Common Pleas granted termination after determining appellee had established the statutory criterion for termination by a preponderance of evidence. After appellant filed this appeal, but before argument on it, the United States Supreme Court determined due process requires that the minimum standard of proof in involuntary termination proceedings be clear and convincing evidence. Santosky v. Kramer, 455 *168 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). That Court mandated the use of an "intermediate standard of proof" because the individual interests at stake were both "particularly important" and "more substantial than mere loss of money."[6]Id. at 756, 102 S.Ct. at 1396 (quoting Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 [1979]).
Santosky involved an action by the state to sever parental rights. While proceedings undertaken by an individual may not involve as great a disparity in litigating resources as in Santosky, the same "particularly important" parental interests are at stake. In both instances, we are guided by the rule that:
the minimum standard of proof tolerated by . . . due process . . . reflects not only the weight of the private and public interests affected, but also a societal judgment about how the risk of error should be distributed between the litigants.
455 U.S. at 755, 102 S.Ct. at 1395. Furthermore, in both proceedings
the private interest affected is commanding;[7] the risk of error from using a preponderance standard is substantial; and the countervailing governmental interest favoring that standard is comparatively slight.[8]
455 U.S. at 758, 102 S.Ct. at 1396.
Consequently, there is no reason to believe due process does not require the same standard of proof in all proceedings to involuntarily dissolve this "fundamental liberty interest" *169 whether those proceedings are initiated by a private party or the state.[9] Moreover, it would be inappropriate to apply different standards of proof to these proceedings depending on the accident of who brings them.
We hold that in all proceedings to involuntarily terminate parental rights, which are not yet final, the petitioner must prove the statutory criteria for that termination by at least clear and convincing evidence. We therefore vacate the decree of Common Pleas and remand with directions that it hold a rehearing and thereafter determine the matter in accordance with this standard of proof. To the extent that the holding of the Superior Court in In Re Adoption of M.E.T., ___ Pa.Superior Ct. ___, 459 A.2d 1247 (1983) limits the parties' right to rehearing it is disapproved.[10]
Decree vacated. Case remanded for proceedings consistent with this opinion.
NIX, J., did not participate in the consideration or decision of this case.
NOTES
[1] Jurisdiction of this case is vested in our Court pursuant to the Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 722. This statute was amended subsequent to this appeal.
[2] This statute has been repealed and such matters are now covered in the Act of October 15, 1980, P.L. 934, No. 163, § 1, 23 Pa.C.S. § 2101, et seq.
[3] Aware as we are of Michigan v. Long, ___ U.S. ___, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), it is this Court's express intent to rest today's holding on Pennsylvania law.
[4] We do not criticize Common Pleas. At the time of the proceedings before it, we had approved the lesser standard in similar cases. See Matter of Adoption of David C., 479 Pa. 1, 387 A.2d 804 (1978). However, in noting that due to the "irreversible nature and serious emotional impact of the involuntary termination of parental rights, such action is not authorized unless a preponderance of the evidence clearly warrants it," and recognizing the importance of the rights involved, we foreshadowed the higher standard. Adoption of McAhren, 460 Pa. 63, 70, 331 A.2d 419, 422 (1975) (petition filed by married couple seeking adoption of wife's natural children, necessitating involuntary termination of wife's former husband's, the children's natural father's, rights in said children). See also Jones Appeal, 449 Pa. 543, 297 A.2d 117 (1972). In fact, in Santosky, the United States Supreme Court indicated Pennsylvania applied the higher standard of proof and as support for its statement cited In re William L., 477 Pa. 322, 383 A.2d 1228, cert. denied, 439 U.S. 880, 99 S.Ct. 216, 58 L.Ed.2d 192 (1978) (the Commonwealth cannot remove the child from his parent's home except upon a showing by "clear and convincing evidence that removal is `clearly necessary'").
[5] In view of our disposition, we need not reach the other issues raised by appellant or the question whether Common Pleas should have appointed counsel to represent the child's interests in the proceedings before it. Such appointment remains within the discretion of the trial court under the Adoption Act of July 24, 1970, applicable on remand by the express language of Section 3 of the Adoption Act of October 15, 1980. But see n. 10, infra.
[6] More specifically, the Court characterized parents' rights "in the care, custody, and management of their child" as a "fundamental liberty interest." 455 U.S. at 753, 102 S.Ct. at 1394.
[7] In Santosky, the United States Supreme Court observed parental rights are interests far more precious than property rights and noted "[f]ew forms of state action are both so severe and so irreversible" as the final termination of those rights. 455 U.S. at 759, 102 S.Ct. at 1397.
[8] In fact, application of standards which diminish the risk of error here would promote the state's parens patriae interest in "preserving and promoting the welfare of the child." Santosky, 455 U.S. at 766, 102 S.Ct. at 1401.
[9] The Santosky statute provided a child could not be adjudicated permanently neglected until he had been in the care of an authorized agency for more than one year. The United States Supreme Court observed that a standard of proof which allocates the risk of error nearly equally between the outcome of an erroneous failure to terminate, preserving an "uneasy status quo," and that of an "erroneous termination", resulting in an "unnecessary destruction of [the] natural family", does not "reflect properly their relative severity." 455 U.S. at 765-766, 102 S.Ct. at 1400-1401. This would apply in most, if not all, cases since the question of whether to terminate a parent's rights usually arises "long after the unity of the family has been disrupted by separation of the child from the parent." In re William L., 477 Pa. at 333, 383 A.2d at 1233 (1978).
[10] On remand, Common Pleas should closely examine whether the child's interests are adequately protected in the proceedings before it. Furthermore, Common Pleas should consider, and not merely accept on its face, appellee's and his spouse's Declaration of Intent to Adopt, so that the issue of whether they genuinely seek the termination "solely as an aid to adoption" to thereby establish a new "parent-child relationship," the "singular concern" of the Adoption Act, may properly be determined. See In re B.E., 474 Pa. 139, 377 A.2d 153 (1977).