471 A.2d 894

**In the Matter of the ADOPTION OF J.D.P.**

**Appeal of GLENN D.P.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1983.

Filed Feb. 10, 1984.

Stephanie Domitrovich, Erie, for appellant.

Dennis V. Williams, Erie, for appellee.

Before ROWLEY, WIEAND and HESTER, JJ.

HESTER, Judge:

This appeal arises from the July 5, 1983 Order of the Court of Erie County, Orphans' Court Division, which denied appellant's exceptions and granted a petition to terminate appellant's parental rights in his natural child, J.D.P.

The petition for involuntary termination of appellant's parental rights was filed on January 12, 1982, and following a hearing thereon, the lower court entered an order dated March 2, 1982, terminating those rights. Exceptions were timely filed, argued and denied. Appellant appealed to this Court. On June 17, 1983, we vacated the order of the lower court due to the fact that during the pendency of this case, the United States Supreme Court in *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), elevated the burden of proof required in involuntary termination of parental rights cases from a preponderance of the evidence standard to a clear and convincing evidence standard. *Matter of Adoption of J.D.P.*, 315 Pa.Super. 192, 461 A.2d 862 (1983). We remanded the case to the lower court for application of the constitutionally mandated clear and convincing evidence standard and also directed the lower court to proceed in accordance with our decision in *In re Adoption of M.E.T.*, 313 Pa.Super. 316, 459 A.2d 1247 (1983).

In that case, we held that the *Santosky* decision required those cases pending on appeal in which a party's parental rights were terminated based on preponderance of the evidence standard be remanded to the lower court for further proceedings at which the clear and convincing evidence standard shall be applied. We further held that the lower court, on remand, and after hearing arguments of counsel, would be permitted to exercise its discretion in determining whether new evidentiary hearings would be required. We explained:

> We do not, ..., feel that the lower court must, in all cases, hold new evidentiary hearings. Rather, we adopt the procedure advocated by The Appeals Court of Massachusetts in *Custody of a Minor (No. 2)*, 13 Mass.App. 1088, 436 N.E.2d 172, app. den., — Mass. —, 438 N.E.2d

75 (1982) and *Custody of A Minor (No. 3),* 14 Mass.App. 1013, 441 N.E.2d 768 (1982). Thus, we hold that cases shall be remanded with a direction to the trial court that it determine, after hearing arguments of counsel, whether new evidentiary hearings are required. If the court is convinced that counsel would have tried the case differently had it known that a clear and convincing evidence standard would be applied, or if the court concludes that the evidence should be expanded and/or brought up to date, then it should schedule new evidentiary hearings. If, on the other hand, the court is convinced that new evidentiary hearings are not required, the court need only reconsider its prior findings in light of the clear and convincing standard and modify those findings as necessary.

*Id.,* 313 Pa.Superior Ct. at 323, 459 A.2d at 1251.

On June 23, 1983, the lower court, after remand, re-entered its original order of March 2, 1982 without the benefit of further evidentiary hearings or oral arguments by counsel. The court stated in its opinion that its decision to terminate appellant's parental rights was, in fact, based on clear and convincing evidence. Exceptions were timely filed and denied without a hearing. This appeal followed.

Appellant raises three issues in this appeal: (1) whether the lower court abused its discretion by reinstating its original order without further evidentiary hearings; (2) whether the lower court ignored the directive of *In re Adoption of M.E.T.,* supra, requiring the lower court to hear arguments of counsel before determining if further evidentiary hearings are required; (3) whether termination of appellant's parental rights was supported by at least clear and convincing evidence.

Although we could find that the lower court's failure to permit arguments by counsel on the question of whether new evidentiary hearings are required to be violative of the standard enunciated in *In re Adoption of M.E.T.,* supra, we instead find that the disposition of the instant appeal is controlled by the Pennsylvania Supreme Court decision in

*In re T.R.*, 502 Pa. 165, 465 A.2d 642 (1983). We therefore vacate the order of the lower court and remand with directions that it hold a re-hearing and thereafter determine the matter in accordance with the clear and convincing evidence standard.

■ In *In re T.R.*, supra, our Supreme Court held, relying upon *Santosky*, that in all proceedings to involuntarily terminate parental rights which were not yet final, the petitioner must prove the statutory criteria for such termination by at least clear and convincing evidence. The court further stated that "[t]o the extent that the holding of the Superior Court in *In re Adoption of M.E.T.*, 313 Pa.Superior Ct. 316, 459 A.2d 1247 (1983) limits the parties' right to rehearing it is disapproved." *In re T.R.*, supra, 502 Pa. at 169, 465 A.2d at 644 (footnote omitted). We understand this statement to mean that, in cases of this type that have been remanded to the lower court for determination under the clear and convincing evidence standard, each party has a *right* to new evidentiary hearings. The lower court *must* hold new evidentiary hearings if either party so requests and permit counsel for either side to expand upon the evidence, update it or re-try the entire case.

This procedure safeguards the parents' right to ensure that findings of parental unfitness under the statutory guidelines are made on the basis of at least clear and convincing evidence.

■ In the instant case, appellant, in his exceptions, took issue with the fact that he was not afforded new evidentiary hearings following the re-entry on June 23, 1983, of the lower court's former order that terminated his parental rights. By refusing to conduct new evidentiary hearings, the lower court erred in denying appellant's exceptions.

In view of the Supreme Court's holding in *In re T.R.*, supra, we are therefore constrained to vacate the lower court order which denied appellant's exceptions and which

terminated his parental rights and remand for proceedings not inconsistent with this Opinion.

Jurisdiction relinquished.