472 A.2d 689

**In the Matter of the ADOPTION OF Ruth BAUMAN and Rhonda Bauman, Minor Children.**

**Appeal of Sandra BAUMAN.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 1983.

Filed Feb. 10, 1984.

Reargument Denied April 3, 1984.

Garry Edward Wamser, Lock Haven, for appellant.

Merritt E. McKnight, Lock Haven, for appellees.

Larry E. Coploff, Lock Haven, for participating party.

Before BROSKY, MONTGOMERY and CERCONE, JJ.

PER CURIAM:

Appellant, Sandra Bauman, takes this appeal from the order and decree of the Court of Common Pleas of Clinton County by which the court terminated appellant's parental rights to her children, Ruth and Rhonda, ages eleven and nine. The basis for the termination listed by the court was the court's conclusion that appellant "is incapable of providing parental care because of her lack of moral structure, and thus [sic] permanent moral and physical harm to the children." While the court did not refer to a specific section in the statutes [1] in support of its ruling, the court did cite as

---

**1.** In its petition for involuntary termination, the Clinton County Children and Youth Social Service Agency lists section 2511 of the Adoption Act, the Act of October 15, 1980, P.L. 934, No. 163, § 1, 23 Pa.C.S. § 2101, *et seq.*

authority the case of *In Re William L.*, 477 Pa. 322, 383 A.2d 1228 (1978).

During the pendency of appellant's appeal, the United States Supreme Court handed down its ruling in *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), wherein the Court ruled that due process requires that the minimum standard of proof in involuntary termination proceedings be clear and convincing evidence. Accordingly, our Court held in *In Re Adoption of M.E.T.*, 313 Pa.Superior Ct. 316, 459 A.2d 1247 (1983), that the higher standard of proof announced in *Santosky* must be applied to all cases which had not been finally decided on appeal at the time the *Santosky* opinion was handed down. This aspect of *In Re Adoption of M.E.T.*, supra, has been approved by the Pennsylvania Supreme Court in *In Re T.R.*, 502 Pa. 165, 465 A.2d 642 (1983). However, the Court added this directive at the end of its opinion: "To the extent that the holding of the Superior Court in *In Re Adoption of M.E.T.*, 313 Pa.Superior Ct. 316, 459 A.2d 1247 (1983) limits the parties' right to a rehearing it is disapproved." *Id.*, 502 Pa. at 169, 465 A.2d at 644. (Footnote omitted.)

██ Therefore, since the Common Pleas Court based its decision on a lesser standard of proof, its order must be vacated and appellant's case must be remanded for a rehearing under the "clear and convincing evidence" standard of *Santosky v. Kramer*, supra, and *In Re T.R.*, supra.[2]

Reversed and remanded for further proceedings not inconsistent with the opinion in *In Re T.R.*, 502 Pa. 165, 465 A.2d 642 (1983). This Court does not retain jurisdiction.

---

**2.** We also note that in his opinion, the hearing judge indicated that he was using the standard of "the best interests and welfare of the children...." We wish to point out on remand that while the standard of "best interests of the children" may be relevant in a custody case, it is not the proper yardstick in a termination of parental rights case. As we said in *In Re Adoption of McAhren*, 460 Pa. 63, 331 A.2d 419, 422 (1975) (citations omitted.) "[I]n the absence of sufficient evidence to satisfy the statutory requirements for involuntary termination, the question of the best interest of the child never arises."