501 A.2d 1123

**In the Matter of the ADOPTION OF Codyus Apollo ELLINGSEN, York Co. Children & Youth Services.**

**Appeal of Joebina ELLINGSEN.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1985.

Filed Nov. 29, 1985.

Gary D. Martz, York, for appellant.

Joseph R. Adamczyk, Jr., Harrisburg, for appellee.

Before WICKERSHAM, CIRILLO, and JOHNSON, JJ.

CIRILLO, Judge:

Appellant challenges the order entered by the Court of Common Pleas of York County, Pennsylvania, which involuntarily terminated her parental rights for her son, Codyus. Our scope of review is limited to determining whether the decree of termination is supported by competent evidence. *In Re Baby Boy P.*, 333 Pa.Super. 462, 482 A.2d 660 (1984). Appellant, Joebina Ellingsen, contends there was insufficient competent evidence to support the trial court's finding that appellee sustained its evidentiary burden of clear and

convincing in its order that Ellingsen's parental rights be terminated. We agree and therefore reverse.

Appellant raises two issues on appeal: 1) whether there was sufficient, competent evidence to support the trial court's finding that York County Children and Youth Services (hereinafter YCCS) had met its burden of proving appellee was guilty of repeated and continued incapacity or neglect towards her child; and 2) whether there was sufficient, competent evidence to support the trial court's finding that YCCS sustained its burden of proving that the conditions which led to the removal of Codyus continued to exist and appellant could not or would not remedy those conditions within a reasonable period of time. The trial court answered both of these questions in the affirmative.

Codyus was born on September 17, 1982, four months prematurely. As a result, the child suffers from retarded physical development and is a respiratory cripple requiring constant medical care. Codyus was a patient in the hospital from birth until December, 1983. In June, 1983, appellant executed a written agreement stating because of her emotional problems and the intensive medical care required by the child, appellant was unable to care for Codyus and custody should be awarded to the agency for foster care. On December 15, 1983, Codyus was released from the hospital and placed in the care of foster parents. Appellant is not permitted to visit the child. The child continues to need close and intensive care, careful monitoring of breathing and equipment for that purpose. Codyus' hospital physician testified the condition will last several years.

Appellant testified she was working full-time in York while Codyus was hospitalized in Harrisburg. Ellingsen conceded her visits were infrequent but she went to the hospital to see Codyus as she was able. On those occasions when she was unable to visit the hospital, appellant telephoned to check on Codyus' condition. She stated her visits ceased from July to November, 1983 because of her bad nerves, use of prescribed medication, trouble in her living situation and harassment by others. Ellingsen relinquished

custody of Codyus to YCCS but she correctly argued that a parent may fulfill her parental duties toward her child by making suitable arrangements for the child's temporary care during the parent's period of crisis. *In Re D.K.W.*, 490 Pa. 134, 415 A.2d 69 (1980); *Petition of Lutheran Children and Family Services of Eastern Pennsylvania*, 456 Pa. 429, 321 A.2d 618 (1974); *In Re Adoption of Sabrina*, 325 Pa.Super. 17, 472 A.2d 624 (1984). Ellingsen now contends her living and emotional conditions are greatly improved, she is willing and able to learn to care for Codyus properly and she desires to do so.

YCCS grounded its petition to terminate appellant's parental rights on § 2511(a)(2) and 2511(a)(5) of the Adoption Act of 1980.[1] Section 2511(a)(2) provides that:

> The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

23 Pa.C.S. § 2511(a)(2). While Section 2511(a)(5) is similar to § 2511(a)(2), the former provides that:

> The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency for a period of at least six months, the conditions of which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child.

23 Pa.C.S. § 2511(a)(5).

■ This Court has established three requirements which must be satisfied before a natural parent's rights in a child

1. Act of October 15, 1980, P.L. 934, NO. 163, § 1, 23 Pa.C.S. §§ 2101 to 2908, effective January 1, 1981.

will be terminated under these sections: 1) repeated and continued incapacity, abuse, neglect or refusal; 2) that such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control or subsistence; and 3) that the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied. *In re Geiger*, 459 Pa. 636, 331 A.2d 172 (1975). *Accord In re Adoption of Michael J.C.*, 506 Pa. 517, 486 A.2d 371 (1984); *Bartasavich v. Mitchell*, 324 Pa.Super. 270, 471 A.2d 833 (1984). YCCS was required to show by clear and convincing evidence the presence of these factors to justify the complete severance of appellant's parental ties with Codyus. *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); *In Re Adoption of James J.*, 332 Pa.Super. 486, 481 A.2d 892 (1984).

On appeal, we are limited to determining whether the trial court's finding that YCCS sustained this burden is supported by competent evidence. *Matter of Adoption of Baby Boy Allen*, 337 Pa.Super. 133, 486 A.2d 517 (1984). We hold the appellee, YCCS, failed to carry its evidentiary burden. The testimony of the witnesses was not so "clear, direct, weighty and convincing ... [that] it carr[ied] a clear conviction to the mind ... or carr[ied] a clear conviction of its truth." *In re Baby Boy P.*, 333 Pa.Super. 462, 465, 482 A.2d 660, 661 (1984) (quoting *La Rocca Trust*, 411 Pa. 633, 192 A.2d 409 (1963)).

In the case *sub judice*, YCCS' allegation of appellant's repeated and continued incapacity in demanding termination of Ellingsen's parental rights pursuant to §§ 2511(a)(2) and 2511(a)(5) is not supported by the record. Appellant contends, and we agree, the conditions which led Ellingsen to place Codyus in the custody of YCCS are, for the most part, no longer present. Appellant testified at trial, and such testimony was confirmed by Mr. Kravitz, her counselor, that she is no longer on valium, her emotional condition is greatly improved, she is living in new quarters and she is no longer harrassed by others. The fact that YCCS returned appellant's daughter Cinnamon to Ellingsen substantiates appellant's claim.

■ Appellee contends Codyus' needs are radically different from those of Cinnamon. While we agree with this statement, it cannot on its own justify termination of appellant's parental rights. YCCS concentrates on past deficiencies to demonstrate appellant's inability to meet Codyus' medical needs. However, our concern, as in custody cases, is with present and future conduct. *See In Re Adoption of Michael J.C.*, 326 Pa.Super. 143, 473 A.2d 1021 (1984); *Commonwealth ex rel. Gorto v. Gorto*, 298 Pa.Super. 509, 444 A.2d 1299 (1982). Based on Ellingsen's present circumstances, we find that appellant has made sufficient improvement to prevent the termination of her parental rights in Codyus. Appellant has taken affirmative action to prepare herself for the eventual return of Codyus to her custody. During the months prior to the commencement of this action, and subsequent to it, Ellingsen underwent therapeutic treatment for her emotional problems, was trained in Child and Infant Life Support Systems (infant CPR), cared for her other child, and maintained a new residence without incident. Appellant clearly never demonstrated a settled purpose of relinquishing parental claims to Codyus. *In Re Adoption of M.M.*, 492 Pa. 457, 424 A.2d 1280 (1981). Ellingsen exercised reasonable firmness in not yielding to the obstacles confronting her. *In Re Adoption of Sabrina, supra.*

■ YCCS failed to show that appellant cannot or will not remedy the causes of her incapacity. Granted, Ellingsen's visits to Codyus were not as frequent as the agency desired and her participation in the training was not exemplary. However, there remains "a reasonable possibility that [this incapacity] which [led] to the separation can be remedied and the family restored." *In re William L.*, 477 Pa. 322, 383 A.2d 1228 (1978). *Accord In Re Adoption of Sabrina, supra.*

■ Codyus' short term medical needs may be satisfied by the average lay person with proper training. Appellant must be allowed a reasonable opportunity to effectively use the services provided by YCCS. The fact that Ellingsen failed to take full advantage of these services while she was

recovering from the death of the two other infants (Codyus was the only surviving triplet) and taking prescribed valium cannot support the termination of her parental rights. Ellingsen's utilization of the services provided by YCCS "must be measured in light of what would be expected of an individual in circumstances which [Ellingsen] finds [herself]." *In Re Adoption of B.D.S.*, 494 Pa. 171, 179, 431 A.2d 203, 207 (1981) (quoting *In Re Adoption of David C.*, 479 Pa. 1, 387 A.2d 804 (1978)). *Accord Matter of Adoption of Hutchins*, 326 Pa.Super. 276, 473 A.2d 1089 (1984). Considering the conditions under which Ellingsen was living, we find she has amply explained her non-performance for the five and one-half months preceding the commencement of this action.

█ We do not mean to place ourselves above those experts who testified within the realm of their expertise, and we do not doubt Ms. Ellingsen could have demonstrated greater persistence in learning how to care for Codyus; however, the psychotherapist's and the physician's opinion appear to be based on the child's best interest which is not sufficient by itself. *See Matter of Adoption of Ferrante*, 334 Pa.Super. 53, 482 A.2d 1076 (1984); *Matter of M.L.W.*, 307 Pa.Super. 29, 452 A.2d 1021 (1982). The best interests of the child may only be considered after the court has determined that the parent cannot, or will not, be able to care for the child. *Matter of Adoption of Bauman*, 325 Pa.Super. 145, 472 A.2d 689 (1984); *In Re Anderson*, 317 Pa.Super. 490, 464 A.2d 428 (1983). We cannot make such a determination in the case *sub judice*.

█ While we cannot guarantee appellant will be successful if further training is provided, we also cannot say with certainty that she will not be successful. Given a reasonable amount of time, and the proper training, appellant has the potential to develop the skills necessary to care for Codyus. *See Matter of Adoption of Ferrante, supra* (two years to renew relationship with daughter not unreasonable); *Interest of C.M.E.*, 301 Pa.Super. 579, 448 A.2d 59 (1982) (two and one-half years to rehabilitate parent to care for child not unreasonable).

■ It is improper to hurry to extinguish parental rights. The existence of foster parents ready, willing, and able to assume parental duties is irrelevant. "The Commonwealth may disrupt the parent-child relationship only upon a clear showing of necessity." *In Re Adoption of R.I.*, 468 Pa. 287, 294, 361 A.2d 294, 297 (1976), *cert. denied*, 429 U.S. 1032, 97 S.Ct. 722, 50 L.Ed.2d 743 (1977). *Accord In Re Long*, 313 Pa.Super. 47, 459 A.2d 403 (1983). No such showing was made in this case. Even in a situation such as this where removal is necessary to protect the child until the mother can learn to care for the child, every effort should be made to reunite the family. *In re Adoption of R.I., supra.* YCCS must offer appellant further assistance and allow her a reasonable opportunity to become efficient in meeting Codyus' needs. We conclude the trial court lacked the requisite evidentiary support for its determination that appellant's incapacity continued and that such incapacity was irremediable. Therefore, we reverse the order terminating appellant's rights.