J-S40015-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF: X.P.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: K.K., NATURAL MOTHER | : | No. 128 WDA 2015 |

Appeal from the Order entered December 22, 2014,
Court of Common Pleas, Butler County,
Orphans' Court at No. OA No. 2011-00035a

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE and STRASSBURGER*, JJ.

CONCURRING MEMORANDUM BY DONOHUE, J.:    **FILED AUGUST 26, 2015**

I agree with the learned Majority's conclusion that the orphans' court did not err or abuse its discretion by terminating Mother's parental rights to Child.  In my view, however, the Majority's decision is incomplete, as it fails to address Stepmother's intention to adopt Child.  My reasoning follows.

"A petition to terminate a natural parent's parental rights, filed by one natural parent against the other under Section 2512(a)(1), is cognizable **only** if an adoption of the child is foreseeable." ***In re E.M.I.***, 57 A.3d 1278, 1285 (Pa. Super. 2012) (emphasis added); ***see also In re B.E.***, 377 A.2d 153, 154-55 (Pa. 1977) ("[T]he Adoption Act provides for termination of parental rights only in connection with a plan for adoption … [T]he Legislature intended the petition for involuntary termination of parental rights to be available solely as an aid to adoption.") (footnote omitted).  Our Supreme Court has held that orphans' courts "should consider, and not merely accept on its face," a stepparent's statement that he or she intends

---

*Retired Senior Judge assigned to the Superior Court.

to adopt the spouse's child upon termination of the other parent's rights. *In re Adoption of L.J.B.*, 18 A.3d 1098, 1108 (Pa. 2011) (quoting *In re T.R.*, 465 A.2d 642, 644 n.10 (Pa. 1983)). This is necessary to ensure "that the issue of whether they genuinely seek termination solely as an aid to adoption to thereby establish a new parent-child relationship, the singular concern of the Adoption Act, [is] properly [] determined." *Id.*

Although Mother did not raise a claim on appeal questioning Stepmother's intention to adopt Child, a genuine intent to adopt Child is a prerequisite to permitting the termination of parental rights. *See In re Adoption of J.D.S.*, 763 A.2d 867, 870-71 (Pa. Super. 2000). In *J.D.S.*, the child's stepfather filed a petition to involuntarily terminate the biological father's parental rights, concomitantly stating his intention to adopt the child upon termination. *Id.* at 868. The mother filed notice of her consent to the stepfather's proposed adoption. *Id.* The orphans' court granted the petition to terminate the father's parental rights. On appeal, counsel for the stepfather and mother sought to withdraw as appellate counsel based upon the mother and stepfather's separation and the belief "that divorce was imminent." *Id.* at 869. We remanded the case to the orphans' court to determine whether the stepfather still intended to adopt the child in light of his marital problems with the child's mother. *Id.* At the remand proceeding, the stepfather testified: "Sometimes there is a lot of anger in separation situations, what anger brings out. I don't know what the future

holds. Maybe we will reconcile. Maybe we won't. There's not a definite answer." *Id.* (record citation omitted).

Upon return of the case to this Court for decision, we concluded as follows:

> [W]e find the evidence does not satisfy the burden of proof applicable in parental termination cases involving a stepparent adoption. While the evidence could establish that father's conduct, or lack thereof, indicates "a settled purpose of relinquishing parental claim to a child or has refused or failed to perform parental duties", 23 Pa.C.S.A. § 2511(a)(1), this evidence becomes applicable only if the procedural status of the case is such that termination is permissible.
>
> The Adoption Act provides:
>
> Unless the court *for cause shown* determines otherwise, no decree of adoption shall be entered unless the natural parent or parents' rights have been terminated ... and *all other legal requirements* have been met. If all legal requirements have been met, the court may enter a decree of adoption at any time.
>
> 23 Pa.C.S.A. § 2901, **Time of entry of decree of adoption** (emphasis added). The judicial discretion provided by this section cannot be exercised unless and until the statutory requirements leading up to the adoption have been met and, until that time, the best interest and general welfare of the child cannot be considered. *In Interest of Coast*, [] 561 A.2d 762 ([Pa. Super.] 1989), *appeal denied,* [] 575 A.2d 560 ([Pa.] 1990).
>
> Termination of the natural parent's rights prior to adoption and allowance of stepparent adoption is for the purposes of protecting the integrity and stability of the new family unit. Because the primary function of government and law is to preserve and perpetuate

- 3 -

society, the traditional family structure is given every reasonable presumption in its favor. This comprehends an intact and subsisting family including a stepparent.

\* \* \*

No gain to the child or society is achieved by permitting the termination of the natural father's parental rights in order to permit adoption by a stepfather who no longer resides with the child's mother. The policy consideration for permitting a stepparent adoption is defeated by the separation and contemplation of divorce. Under the facts of this case, as evidenced by the testimony on the record, we find the petitioner has not met his burden of establishing the statutory prerequisite for termination of father's rights.

Without implementation of section 2701, **Consent to adopt,** which must be read *in pari materia* with section 2511(a)(1), we conclude termination of father's parental rights was improper.

*Id.* at 870-72 (emphasis supplied).

Although the Majority briefly mentions that Stepmother filed notice of her intention to adopt Child upon the orphans' court granting Father's petition to terminate Mother's parental rights,[1] it does not discuss the

---

[1] I note that although Stepmother filed a formal report of her intention to adopt Child, the Adoption Act did not require her to do so. *See* 23 Pa.C.S.A. § 2531(c) ("No report [of intention to adopt] shall be required when the child is the … stepchild … of the person receiving or retaining custody or physical care."). The Adoption Act did require Father in his petition to involuntary terminate Mother's parental rights to Child to "aver that an adoption is presently contemplated [and] that a person with a present intention to adopt exists," and the record reflects that he complied with this requirement. *See* 23 Pa.C.S.A. § 2512(b); *In re E.M.I.*, 57 A.3d 1278,

- 4 -

orphans' court's consideration of whether Stepmother in fact intended to adopt Child. My review of the record reveals that the orphans' court did not make a finding specific to Stepmother's intention regarding her adoption of Child. The orphans' court did find, however, that "Stepmother and Child have a [m]other-child relationship and that Stepmother has provided the primary parenting needs of Child since Father's and Stepmother's date of marriage [in 2009]." Orphans' Court Opinion, 3/5/15, at 18. Furthermore, the record reflects that in addition to Father averring in his termination petition that Stepmother intended to adopt and Stepmother filing a report of her intention to adopt, Stepmother testified at the termination hearing regarding her continued intention to adopt Child if the orphans' court terminated Mother's parental rights. N.T., 7/8/14, at 15. This Court has found that a stepmother's participation in the termination hearing satisfied the requirement that she intended to adopt the child. *In re Adoption of J.F.*, 572 A.2d 223, 225 (Pa. Super. 1990). As such, I agree with the Majority that the orphans' court properly granted Father's petition to terminate Mother's parental rights to Child.

---

1285 (Pa. Super. 2012); **see also** Petition for Involuntary Termination of Parental Rights, 6/20/13, ¶ 12.