J-S17031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: C.M., a Minor | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: S.G., Mother | : | No. 3520 EDA 2016 |

Appeal from the Decree entered October 27, 2016
in the Court of Common Pleas of Monroe County,
Orphans' Court Division, No. 39 O.C.A. 2016

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 11, 2017**

S.G. ("Mother") appeals the Decree terminating her parental rights to her son, C.M. (born in July 2012), pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b) of the Adoption Act.[1]  We affirm.

In June 2015, Monroe County Children and Youth Services ("MCCYS") received a referral regarding Mother's neglect of C.M. The MCCYS intake caseworker reported that Mother had left C.M. in the care of maternal grandmother because Mother was unemployed and homeless, having been evicted from her apartment.  Additionally, concerns were raised regarding Mother's heroin use, lack of stability, and domestic violence between her and her new paramour.  On July 17, 2015, C.M. was placed in emergency protective custody, in the care of maternal grandmother.  On July 20, 2015, following a shelter care hearing, the trial court continued C.M.'s protective

_____
[1] C.M.'s father is deceased.

custody, and placement with maternal grandmother. MCCYS filed a dependency Petition, and following a hearing on July 30, 2015, the trial court adjudicated C.M. dependent, and continued his placement with maternal grandmother. Throughout C.M.'s dependency, Mother made only one visit to C.M.,[2] and cancelled several other visits. Mother also failed to appear at several permanency review hearings. On August 26, 2016, MCCYS filed a Petition to terminate Mother's parental rights to C.M. On October 18, 2016, the trial court conducted a hearing on the Petition, which Mother attended by phone. On October 27, 2016, the trial court entered a Decree terminating Mother's parental rights to C.M., pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b) of the Adoption Act.[3] Mother filed a timely Notice of Appeal and a Statement pursuant to Pa.R.A.P. 1925(a)(2).

On appeal, Mother raises the following issues for our review:

1. Did [MCCYS] fail to present clear and convincing evidence that termination of [M]other's parental rights served the needs and interests of her son, C.M.?

2. Did [the] trial court err in terminating [Mother's] parental rights without clear and convincing evidence that termination of [M]other's parental rights served the needs and interests of her son, C.M.?

---

[2] At the visit, Mother appeared to be intoxicated, initially refused to remove her sunglasses, had bloodshot eyes and shaking hands, and refused to take a urine test.

[3] In its Decree, the trial court also changed C.M.'s permanency goal to adoption, as maternal grandmother wishes to adopt C.M. However, Mother has not appealed this aspect of the Decree.

Brief for Mother at 6.[4]

Our standard of review is as follows:

> [A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.

> [U]nlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion.

*In re Adoption of S.P.*, 47 A.3d 817, 826–27 (Pa. 2012) (citations omitted).

Satisfaction of any one subsection of section 2511(a), along with consideration of Section 2511(b), is sufficient for the involuntary termination of parental rights. *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en*

_____

[4] Mother stated her issues differently in her Statement pursuant to Pa.R.A.P. 1925(a)(2); however, we decline to find waiver on this basis.

*banc*). In this case, the trial court entered a Decree terminating Mother's parental rights to C.M. pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8) and (b). As only one subsection of 2511(a) is necessary to support a termination decree, we will review the trial court's decision to terminate Mother's parental rights based upon subsections 2511(a)(8) and (b), which state the following:

> **(a) General Rule**.—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> * * *
>
> (8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.
>
> * * *
>
> **(b) Other considerations.**—The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511.

With respect to subsection 2511(a)(8), Mother concedes that C.M. has been out of her care for over 15 months, and the conditions that led to his removal continue to exist. Brief for Mother at 15. However, Mother contends that MCCYS failed to prove by clear and convincing evidence that the termination of her parental rights is in C.M.'s best interests. *Id*.

With respect to subsection 2511(b), Mother concedes that C.M. is bonded with maternal grandmother. *Id*. at 16. However, Mother contends that no testimony was presented as to how the termination of her parental rights will affect C.M. *Id*. Mother also asserts that she did not affirmatively relinquish her parental rights, and that "she still tried to reach out via phone to C.M.[,]" despite the fact that she had no transportation and was in rehabilitation facilities. *Id*. Mother argues that, because she made efforts to meet her goals with MCCYS, and to bond with C.M. from her various locations, MCCYS failed to prove by clear and convincing evidence that the termination of her parental rights is in C.M.'s best interests. *Id*.

In its Opinion, the trial court set forth its findings of fact, addressed Mother's issues, set forth the relevant law, and determined that MCCYS had proven by clear and convincing evidence that termination of Mother's parental rights was in C.M.'s best interests pursuant to subsections 2511(a)(8) and (b). *See* Trial Court Opinion, 10/27/16, at 1-3, 6. We discern no abuse of discretion by the trial court, and affirm on the basis of its Opinion, which is supported by the record and free of legal error. *See id*.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017

COURT OF COMMON PLEAS OF MONROE COUNTY
FORTY-THIRD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA
ORPHANS' COURT DIVISION

IN THE INTEREST OF:
_C.M._
A MINOR

: NO. 39 O.C.A. 2016
:
:
:
: INVOLUNTARY TERMINATION
: OF PARENTAL RIGHTS

## OPINION

This matter came before the Court on a request of Monroe County Children and Youth Services (CYS) for a goal change and termination of parental rights. A hearing thereon was held October 18, 2016.

## I. FINDINGS OF FACT

1. _C.M._ (minor child), whose date of birth is July 2012, is presently four years of age.

2. The biological mother of _C.M._ is _S.G._ (Mother), whose date of birth is February 19, 1992, presently twenty four (24) years of age, and whose last known mailing address is 100 Eagleville Road, Eagleville, PA 19403.

3. The biological father of _C.M._ is _W.M._ who died on February 7, 2015.

4. Monroe County Children and Youth Services received an initial referral on June 30, 2015 with concerns of neglect, drug use, and domestic violence.

6

5. Emergency Protective Custody was granted by the Honorable David J. Williamson on July 17, 2015 and continued by the Honorable Jonathan Mark at the Shelter Care hearing held July 20, 2015. **C.M.** was found to be a dependent child by the Honorable Stephen M. Higgins by Order dated July 30, 2015.

6. Said placement of **C.M.** was reviewed and continued by further Orders of Court dated November 2, 2015, January 21, 2016, April 22, 2016 and July 26, 2016.

7. At the time of this hearing, Mother was unable to attend due to transportation problems, but she participated by telephone and was represented by counsel.

8. Mother has missed visits and court hearings.

9. Mother's only visit with **C.M.** occurred on August 14, 2015.

10. **C.M.** has been residing in kinship care with his maternal grandmother since July 17, 2015.

11. Mother has lived in at least eight (8) different residences since July 2015.

12. Mother lived and worked for a period of time in Bethlehem, Pennsylvania, approximately 30 miles from the CYS office, but Mother made no visits with **C.M.** during that time.

13. Mother has been in several drug rehabilitation programs since July 2015.

14. Mother is currently living in a sober living residence in the Philadelphia area.

15. She will be starting an intensive out-patient program, but unsure how long it lasts.

16. Mother is not employed and lacks stable housing for **C.M.**

17. Mother has no means of transportation.

2

18. Mother has a mental health diagnosis of bi-polar disorder, but is not engaged in any treatment.

19. ~~**C.M.**~~ is bonded with his maternal grandmother who wishes to adopt him.

20. ~~**C.M.**~~ is not bonded with Mother at this time.

21. Maternal grandmother would allow contact with Mother after adopton if she is clean and sober and appropriate.

## II. DISCUSSION

Pursuant to 23 Pa. C.S.A. Section 2511(a), the parental rights of ~~*Mother*~~ to ~~**C.M.**~~ should be terminated in that:

1) The parents have, for a period of more than six (6) months prior to the filing of this petition, failed to perform their parental duties; or

2) The repeated and continued incapacity, abuse, neglect or refusal of the parents has caused the child to be without essential parental care, control or subsistence necessary for her physical and mental well-being and the conditions and causes of the inability, abuse, neglect or refusal have not been remedied by the parents; or

. . .

5) The child has been removed from the care of the parents by the court or under a voluntary agreement with an agency for a period of at least 6 months, the conditions which led to the removal or placement of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time, the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child; or

3

. . .

8) The child has been removed from the care of the parents by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

In the matter of the <u>Adoption of Baby Boy A., A Minor v Catholic Social Services of the Diocese of Harrisburg, Pennsylvania, Inc.</u>, 512 Pa. 517, 517 A.2d 1244 (1986), the Supreme Court set forth the following standard for involuntary termination of parental rights:

"This Court has frequently held that parenthood is an active occupation. It is not enough that a parent declines to relinquish parental claim to a child; a parent must affirmatively demonstrate love, protection and concern. A parent desiring to retain parental rights must exert himself to take and maintain a place of importance in his child's life. The statute does not require a showing of both an intention to relinquish parental claim and a failure to perform parental duties. This Court will view the efforts made by a parent in light of the totality of his circumstances."

Similarly, the Superior Court <u>In Re Shives</u>, 363 Pa. Super. 225, 525 A.2d 801 (1987) stated:

"There is no simple or easy definition of parental duties. Parental duty is best understood in relation to the needs of a child. A child needs love, protection, guidance, and support. These needs, physical and emotional, cannot be met by a merely passive interest in the development of the child. Thus, this court has held that the parental obligation is a positive duty which requires affirmative performance."

The statutory criteria for involuntary termination of parental rights must be met by clear and convincing evidence. <u>Santosky v Kramer</u>, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); <u>In re Baby Boy S.</u>, 420 Pa. Super. 37, 615 A.2d 1355 (1992). The standard of clear

4

and convincing evidence is defined as testimony that is so "clear, direct, weighty and convincing as to enable the trier of fact to come to clear conviction, without hesitation, of the truth of the precise facts at issue." In re Adoption of Antencio, 539 Pa. 161, 650 A.2d 1064 (1994).

Section 2511(a)(1) of the Adoption Act requires a showing that a parent has refused or failed to perform parental duties for a period of at least six months. A parent whose child has been placed in foster care has an affirmative duty to work toward the return of the child and must at a minimum show a willingness to cooperate with Children and Youth to obtain services necessary to enable the parent to meet the duties and obligations of parenthood.

Section 2511(a)(2) of the Adoption Act provides that parental rights can be terminated if the repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical and mental well-being and the conditions and causes of the inability, abuse, neglect or refusal have not been remedied by the parent.

Section 2511(a)(5) of the Adoption Act requires that the child has been removed from the care of the parents for a period of at least 6 months, the conditions which led to the removal of the child continue to exist, the parent cannot or will not remedy those conditions within a reasonable period of time and the services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the placement of the child within a reasonable period of time and termination of the parental rights would best serve the needs and welfare of the child. In spite of the services provided to the family since the C.M.'s dependency adjudication, Mother has not achieved the goals of the Child Permanency Plan.

5

Section 2511(a)(8) of the Adoption Act requires that three elements be proven by clear and convincing evidence. First, the child must have been removed from the care of the parents by the Court for a period of twelve (12) months or more. The minor child has resided in foster care for fifteen (15) months. Second, the conditions which led to the child's removal must continue to exist. The third element which must be proven under Section 2511(a)(8) is that the termination of parental rights would best serve the needs and welfare of the child. 23 Pa. C.S.A. §2511(b). Mother has not completed any goals of the family service plan. She has been in and out of drug rehab programs and is currently in a sober living center. Mother is not employed, has no stable housing for **C.M.** and no transportation. Mother has paid no support for **C.M.**, and she has had only one (1) visit with **C.M.** since **C.M.** became dependent. There was no testimony that Mother has done anything as a parent for **C.M.** in the last fifteen (15) months except the one visit in August 2015. Mother has mental health issues for which she has not engaged treatment. Mother has evidenced a settled purpose to relinquish her parental rights.

In addition, it would be in **C.M.'s** best interests under §2511(b) to terminate parental rights. **C.M.** is bonded with maternal grandmother who wishes to adopt him. **C.M.** lacks a bond with Mother. **C.M.** is at an age where it is important for stability and permanency. Maternal grandmother would also allow Mother to be a part of **C.M.'s** life in the future provided she is clean and sober and appropriate to **C.M.** For all of these reasons, we will enter an order terminating Mother's parental rights.

6

## III. CONCLUSIONS OF LAW

1. Notice of the proceeding has been given to all interested parties.

2. Emergency Protective Custody of **C.M.** ▓▓▓▓▓▓▓ was taken on July 17, 2015 and he remains in the care of Monroe County Children and Youth Services to the present time.

3. Termination of parental rights would best serve the needs and welfare of **C.M.** ▓▓▓▓▓▓▓ and the statutory criteria set forth in 23 Pa. C.S.A. 2511(a)(1), (2), (5), (8) and (b) for such termination has been established by clear and convincing evidence. Santosky v. Krmer, 455 U.S. 745, 102 S. Ct. 1388, 71 L.Ed.2d 599 (1982); In Re T.R., 502 Pa. 165, 465 A.2d 642 (1983).

4. It is in the best interest to terminate the parental rights as to **C.M.** ▓▓▓▓▓▓▓.

7